## S. S. CARTWRIGHT V. S. S. McFADDEN.

1. PETITION UNDER SEC. 594 OF CODE, *When Sufficient.* A petition which alleges that the plaintiff "has the legal title to, and is in the peaceable possession of, the property in controversy," describing it, and that the defendant "sets up and claims an estate and interest in and to said premises adverse to the estate and interest of the said plaintiff so as aforesaid," and then prays that the defendant "may be compelled to show his said title, and that it may be determined to be null and void as against the said title of the plaintiff," will be held sufficient, under § 594 of the civil code, (Comp. Laws of 1879, p. 683,) when such petition is attacked by an objection to the introduction of any evidence under it.

2. ACTUAL POSSESSION—*Finding of, Sustained.* Evidence was introduced showing that M., who held title to certain lots by a regular chain from the original patentee, took possession of the lots, claiming to own them, plowed around them, frequently went upon them, offered them for sale, and paid taxes on them, and they had apparently never been in the actual possession of any other person. *Held,* That such evidence is sufficient from which a finding may be made that M. was in the *actual* possession of the lots.

3. TAX DEED, *Valid Upon its Face.* A tax deed described the property which it purported to convey, as "lots numbered 431, 433, 435, 437, 439, 441, 443, 445, 447, 449, 451, 453, 455, 457, 459, 461, 463, 465, 467, 469, 471 and 473, on Buchanan street, in the city of Topeka," etc., and showed that the property had been sold, in bulk, for the taxes due thereon. *Held,* That such tax deed is not void upon its face, as showing that separate and distinct tracts of land were sold in bulk.

4. TAX DEED, *Void.* But evidence outside of the deed, showing that said lots are in two separate bodies, separated by a street, renders the tax deed void.

5. RECITALS IN TAX DEED; *Incompetent Evidence.* And it is not competent for the tax-deed holder to introduce other evidence to contradict the recitals of his tax deed, and thereby show that the lots were in fact not sold in bulk, but that each lot was sold separately.

6. TENDER OF TAXES, *When Unnecessary.* In an action to quiet title as against the holder of a tax deed, it is not absolutely necessary that the plaintiff should, in all cases, before bringing his suit, tender to the tax-deed holder the amount of the taxes paid by him.

### *Error from Shawnee District Court.*

ACTION brought by *McFadden* against *Cartwright,* to quiet title to certain lots on Buchanan street, in blocks 9 and 16, in King's addition to the city of Topeka. Trial by the court

at the January Term, 1880, and judgment for the plaintiff. The defendant brings the case here. The opinion states the facts.

*J. G. Slonecker,* for plaintiff in error:

1. Since this is apparently an action brought under § 594 of the code, the plaintiff must allege *actual* possession. If not in actual possession, the petition must state the same facts as a former bill in equity. (16 Kas. 515, 551.) Simply saying that the plaintiff is in peaceable possession, is not enough. He must allege *actual* possession.

The petition does not allege a tender of the taxes to defendant. (8 Kas. 678; 22 id. 683.)

2. The court below in finding for the plaintiff substantially found that the plaintiff was in actual possession of the lots in controversy. The proof does not justify such a conclusion. (Code, § 594; 5 Kas. 24.)

3. The court refused to receive in evidence the tax deed offered by defendant, on the ground that it was void on its face, as showing that all the lots had been sold together. This ruling was erroneous for two reasons:

(*a*) The petition and deed both show that the property in controversy consists of town lots. When the deed was offered in evidence the only question to be decided was: "Is the deed void on its face?" If not, it must be received in evidence. The deed does not show on its face that all the lots were sold together, and that was the only objection made to it. It is in the form prescribed by statute, and says that the property was "exposed to public sale in substantial conformity with all the requisitions of the statute." The presumption is that the officer did his duty, and if these lots should have been sold separately, it ought to be presumed that they *were* sold separately. The deed nowhere says that they were sold together. The statute authorizes several tracts of land to be included in the same tax deed, and it nowhere requires that the deed shall state that the tracts were sold separately. (Gen. Stat., ch. 107, § 115.) The decision in *Hall's Heirs v. Dodge,* 18 Kas. 257, was before the passage of the section, *supra.*

(*b*) But the deed is not necessarily void on its face, even if it should be held to show that all the lots were sold together. The lots are all on the same street, and it may have been entirely proper to sell them together. There is nothing in the deed to show that it was illegal to sell them in a body. In the case of *Hall's Heirs v. Dodge,* supra, the land was in different sections and townships, and the sale of the different tracts together would of course be illegal, but in this case the lots are all on the same street, and it *may be* that they were legally sold together. In *McQuesten v. Swope,* 12 Kas. 32, in which six town lots were sold together, this court held that the sale might or might not be good, depending on circumstances. If that be good doctrine, a deed showing a sale of several lots in a body does not "present the evidence of its own invalidity on its face," and consequently is not void on its face.

4. The court erred in refusing to allow the defendant below to show that the lots were actually sold separately. In *Hall's Heirs v. Dodge,* 282, this court evidently recognizes the principle, that extrinsic evidence may be admitted to aid and cure a tax deed. The plaintiff in error in this case offered to introduce such evidence, but the court refused to receive it.

*Case & Moss,* for defendant in error:

1. As to the first error assigned, we refer to §594 of the code under which this action was brought, and to the petition which alleges that the plaintiff "has the legal title to, and is in the peaceable possession of," etc. All the cases cited to show this error do not sustain counsel's view, and are essentially different from the present case. In regard to the tender of taxes: The parties herein differed as to the amount really due. If a tender was necessary, then if the party in possession should tender one cent less than the amount due, it would be fatal to his right to recover, and that too with no person in existence to definitely ascertain the amount due; while in the case of a certificate the county treasurer could so determine, and the legal owner could pay to him and take a receipt that would be final. (22 Kas. 166.)

2. The finding that the plaintiff below was in actual possession of the lots in controversy, is justified by the evidence. (5 Kas. 29; 10 id. 202; 16 id. 515.)

3. As to the proposition that the tax deed offered in evidence was not void upon its face, or if void not incurably so: We contend that the deed conclusively shows that all these lots were bid off by the county treasurer for $26.86; the deed says so, and we see no reason to doubt it. All this property sold for that sum in bulk, and while it may be that several tracts of land may be conveyed in one deed, yet if that is done each tract should be stated separately, and all the facts recited as to each tract conveyed. Suppose that the testimony offered by plaintiff in error should show that they had been sold three at a time, or one at a time: how could that help a deed that recites a different state of facts? If the plaintiff in error demands a deed that shall recite all those things claimed by him, and they are facts, he can go to the proper officer and have one made to him, or he could have done so. (16 Kas. 525.) In order that the ruling in 12 Kas. 32 should apply, the tax deed should show on its face that all the lots in question are in one block, which it does not.

4. The plaintiff in error chose to rely upon the recitals in this deed, which are conclusive, and ought not to be attacked by him at least.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by S. S. McFadden against S. S. Cartwright, to quiet title to certain city lots in King's addition to the city of Topeka. McFadden held by a regular chain of title from the original patentee. Cartwright claimed under a tax deed. The tax deed reads as follows:

Know all men by these presents, that, whereas, the following-described real property, viz., lots Nos. 431, 433, 435, 437, 439, 441, 443, 445, 447, 449, 451, 453, 455, 457, 459, 461, 463, 465, 467, 469, 471 and 473, on Buchanan street, city of Topeka, situated in the county of Shawnee and state of Kansas, were subject to taxation for the year 1874; and whereas, the taxes assessed upon said real property for the year afore-

said, remained due and unpaid at the date of the sale herein-after mentioned; and whereas, the treasurer of said county did, on the seventh day of September, 1875, by virtue of authority in him vested by law, at the sale begun and pub-licly held, on the first Tuesday of September, 1875, expose to public sale, at the county seat of said county, in substan-tial conformity with all the requisitions of the statute, in such case made and provided, the real property above described, for the payment of taxes, interest, and costs then due and re-maining unpaid upon said property; and whereas, at the place aforesaid, said property could not be sold for the sum of twenty-one dollars and eighty-six cents, being the whole amount of tax and charges thereon, the same was bid off for that amount by the county treasurer for said county; and whereas, on the seventh day of July, 1876, Daniel Harris, of the county of Adams and state of Illinois, having paid into the county treasury of the county first aforesaid the sum of twenty-six dollars and fifty-five cents, being equal to the cost of redemption of said property at that time; and whereas, J. Lee Knight, county clerk of Shawnee county, Kansas, did, on the 7th day of July, 1876, duly assign the certificate of the sale of the property as aforesaid and all the right, title, and interest to said property, to S. S. Cartwright, of the county of Albany and state of New York; and whereas, three years have elapsed since the date of said sale, and the said property has not been redeemed therefrom, as provided by law: Now, therefore, I, J. Lee Knight, county clerk of the county aforesaid, for and in con-sideration of the sum of twenty-six dollars and fifty-five cents, taxes, costs and interest due on said land for the year 1874, to the treasurer paid as aforesaid, and by virtue of the statute in such case made and provided, have granted, bargained, and sold, and by these presents do grant, bargain and sell, unto the said S. S. Cartwright, his heirs and assigns, the real prop-erty last hereinbefore described, to have and to hold unto him, the said S. S. Cartwright, his heirs and assigns, forever, sub-ject, however, to all rights of redemption provided by law.

In witness whereof, I, J. Lee Knight, county clerk as afore-said, by virtue of authority aforesaid, have hereunto [L. S.] subscribed my name and affixed the official seal of said county, on this 1st day of October, 1878.

J. LEE KNIGHT, *County Clerk.*

J. A. BEAN,
J. G. SLONECKER,
*Witnesses.*

The deed was properly acknowledged. The plaintiff below sets forth in his petition that he "has the legal title to, and is in the peaceable possession of, the property in controversy," describing it, and that the defendant "sets up and claims an estate and interest in and to the said premises adverse to the estate and interest of the said plaintiff so as aforesaid," and then prays that the defendant "may be compelled to show his said title, and that it may be determined to be null and void as against the said title of the plaintiff." The defendant answered to this petition by setting up: first, a general denial; second, that the defendant was the owner in fee simple, and in the actual possession of the property; and third, that the defendant had full title to the property under said tax deed, setting the same out in full. The plaintiff replied to the first and second defenses of the defendant's answer by filing a general denial thereto, and demurred to the third defense. The court below sustained the demurrer, but as no point is made upon this ruling in this court, it will not be necessary to say anything further with reference thereto. A trial was had before the court, without a jury. The plaintiff offered to introduce evidence, and the defendant objected on the ground that the petition did not state facts sufficient to constitute a cause of action against the defendant. This is the first question necessary to be considered by this court. The real objection to the petition was, and is, that it does not state that the plaintiff was in the *actual* possession of the property, either by himself or tenant, which the defendant claims is essentially necessary if the action is intended to be an action under § 594 of the civil code. (Comp. Laws of 1879, p. 683; *Eaton v. Giles,* 5 Kas. 24; *Douglass v. Nuzum,* 16 Kas. 515.) Nor does the petition sufficiently state the nature of the defendant's claim so as to make it a good petition in equity, stating a good cause of action in equity. (See last case cited.)

We think the petition states a good cause of action under the statute. At least, the petition should be held to be good when the objection to it is made in the manner it was made in the present case. Of course, the plaintiff should be in the

*actual* possession of the property, either by himself or tenant, in order to maintain the action under the statute; but usually when it is alleged that he is in the " peaceable possession" of property, it should be held, *prima facie,* that he is in the *actual* possession thereof. ( *Entreken v. Howard,* 16 Kas. 551.) The statute itself does not use the word "actual," or even "peaceable," but merely uses the word "possession" without any qualifying adjective.

The next question is, whether the evidence introduced, sufficiently shows that the plaintiff had the actual possession of the property. The court below held that it did. The evidence upon this subject is as follows. The plaintiff, as a witness, testified:

"I am, and at the time this action was brought, was in the possession of the lots in controversy. The lots lie and front on the west side of Buchanan street. Fifteen of them are south of Twelfth street, and seven of them north of Twelfth street, and they are consequently not all in one block. I went upon the lots and took possession. I had them plowed around. I had those south of Twelfth street plowed around, and also those north of Twelfth street. I have been upon the lots several times, and have offered them for sale, and have made sale of some of them. I had a conversation with Cartwright before this suit was commenced. . . . I told him I was in possession of the lots, and he did not dispute it. I have paid the taxes on the lots since I bought them."

And on cross-examination he said:

"I have put no buildings or fence on the lots. I have done nothing further in regard to getting and keeping possession than I have stated. The lots were and are entirely unimproved except as I have stated; and when I went to take possession did not look as if they had ever been improved or inclosed."

We think the foregoing evidence is sufficient to authorize the finding, made by the court below, that the plaintiff was in the actual possession of the property, ( *Gilmore v. Norton,* 10 Kas. 492, 506; *Giles v. Ortman,* 11 Kas. 59,) and therefore we cannot set aside such finding.

The other questions involved in this case are connected with

the defendant's tax deed.   The court below held that the tax
deed is void upon its face; and this holding was based upon
the ground that the deed itself shows upon its face that the
property which it purported to convey is composed of sev-
eral separate and distinct tracts of land, and that they were
all sold together in bulk and not separately for the taxes sev-
erally due upon each of them.   Now it is true that the tax
deed does show upon its face that all the lots which it pur-
ports to convey were sold together and in bulk, and if it also
shows that these lots are separate and distinct tracts of land,
not contiguous to each other, then of course the tax deed is
void upon its face. (*Hall's Heirs v. Dodge,* 18 Kas. 277.)
But does the tax deed show this?  We think not.  We think
that it furnishes some evidence to this effect, but still that the
evidence is not complete or sufficient.   The property being
divided into lots, and these lots not being numbered consecu-
tively by units, we think furnishes some evidence that the lots
are not contiguous; but this evidence we think is not conclu-
sive, or even satisfactory of the fact.   The lots might very
well all be in one body notwithstanding this evidence.   This
kind of evidence might sometimes, along with other circum-
stances, furnish the foundation for a finding that the lots are
not contiguous; but alone, and against the statutory presump-
tions in favor of the regularity and validity of the tax deed,
and of all the prior proceedings, it cannot sufficiently prove any
such fact.   We are therefore inclined to think that the tax
deed upon its face is valid.   In fact, however, as appears from
other evidence, we know that the deed is void.   This we
know from evidence outside of the deed. ' The lots are not
in fact contiguous; seven of them are in a body on one side
of the street, while the other fifteen are in another body on
the other side of the street.   The tax deed is therefore void.

    The defendant, however, for the purpose of bolstering up
his tax deed, offered to prove that the sale of the lots was not
made in gross, but that each lot was sold separately.   The
plaintiff objected to this evidence, and the court below ex-

cluded it. We think that the court below rightfully excluded it, for it did not tend to show that the defendant's tax deed is valid, but only that the sale was valid, and that he might have obtained a valid tax deed on the sale, if he and the county clerk had been more careful, and had made the tax deed speak the truth. Under the circumstances, he was really attempting to prove that his own tax deed is false, that it does not follow the sale that was actually made, and really that there was no sale such as is described in his tax deed. He was really attempting to contradict the recitals of his own tax deed, and to show that it is founded upon a falsehood.

The court below rendered judgment in favor of the plaintiff and against the defendant, quieting the plaintiff's title, and also gave judgment against the plaintiff, and in favor of the defendant for $58.57, the amount of taxes, penalties, etc., paid by the defendant on the lots. The court below also divided the costs of the suit equally between the parties, and rendered the proper judgments therefor. Afterward the plaintiff paid the $58.57 and his half of the costs to the clerk of the court below. The defendant now raises the question, and claims that the plaintiff should have tendered the $58.57 to the defendant before the plaintiff commenced his action. It perhaps would have been better, but it is not essentially necessary. There is no statute requiring that it should have been paid or tendered, or that any amount should be paid or tendered in this kind of action. (*Corbin v. Young,* ante, p. 198; *Shaw v. Kirkwood,* ante, p. 476.)

The requirement that anything should be paid in this kind of action depends alone upon equitable principles. And in this case, where there was a dispute as to what the amount should be — the defendant claiming $70 instead of $58.57 — it would not be equitable to require that the plaintiff should tender the proper amount before bringing his suit. The rule of tender has its exceptions. Probably a tender before bringing suit, where the suit is in effect to nullify a tax deed, should be required in only a few cases. (*Sapp v. Morrill,* 8 Kas. 678.)

It is never so required in actions of ejectment. (*Coe v. Farwell*, ante, p. 566.) And equity will follow the law. (*Corbin v. Young*, ante, p. 202.) But ejectment in this state is not always a legal action. It is often a purely equitable action. It is said, however, that equity will generally require a tender of the taxes due, when the action is to quiet title against a *tax-sale certificate*. This is true. (*Knox v. Dunn*, 22 Kas. 683.) But a tax-sale certificate is a means for collecting the taxes, while a tax deed is evidence of title to the property attempted to be conveyed. As against a tax-sale certificate, the owner of the land has a right to tender the taxes, and to redeem his land therefrom. But as against a tax deed, the original owner has no such right. As against a tax-sale certificate, the owner of the land ordinarily has an adequate remedy, by paying his taxes without resorting to a court of justice. But as against a tax deed, the original owner has no such remedy. There is no provision of law for redeeming land from a tax deed, nor any provision for paying the taxes on land after the tax deed has been executed. The only remedy against a tax deed is by action in a court of justice, which will determine the amount to be paid, if the tax deed is set aside or declared void.

The judgment of the court below will be affirmed.

All the Justices concurring.