THE CITY OF LEAVENWORTH v. JOHN C. DOUGLASS.

No. 76.

1. CITIES OF THE FIRST CLASS—*President of the Council.* Under the statutes of this state, the president of the council in a city of the first class has no authority, in the absence of the mayor, to approve an ordinance passed by the city council having for its object anything save the appropriation of funds to meet the current expenses of the city for the preceding month.

2. ———— *Invalid Tax Levy.* Where, during the absence from the state of the mayor of a city of the first class, the city council duly passed certain ordinances levying city taxes, which ordinances were approved by the president of the council, while acting as mayor, *held*, that such approval did not give validity to the tax levy sought to be made by virtue of said ordinances.

MEMORANDUM.—Error from Leavenworth district court; ROBERT CROZIER, judge. Action by John C. Douglass against The City of Leavenworth and others to quiet title. Judgment for plaintiff. Defendant city brings the case to this court. Affirmed. The opinion herein, filed May 7, 1896, states the material facts.

*C. F. W. Dassler,* and *J. W. Haussermann,* city attorney, for plaintiff in error.

*John C. Douglass,* defendant in error, for himself.

The opinion of the court was delivered by

CLARK, J.: This is an action brought by John C. Douglass to quiet title to certain real estate. The city of Leavenworth, the board of county commissioners of the county of Leavenworth, the county clerk and county treasurer of said county, Leonard T. Smith, E. M. Sheldon, Elizabeth Georgens, Eliza Phelps, Edward A. Damon, Edward A. Damion, Alice Morton and R. P. Clement were made defendants. At the January term, 1888, judgment by default was

taken against the eight defendants last above named, and, with the consent of the plaintiff, and the city of Leavenworth, the board of county commissioners, the county clerk, and the county treasurer, the cause was continued to the next regular term of court. Issues were subsequently joined between the plaintiff and the city of Leavenworth, but the other defendants filed no pleadings, and made no further appearance in the case. A trial was duly had before the court, a jury being waived, at the April term, 1891. The controversy between the parties was as to the validity of certain taxes attempted to be levied by ordinances passed by the city council of said city of Leavenworth, and approved by the president of the council in the absence of the mayor. The court found that the ordinances levying such taxes were duly passed by the city council on August 23, 1884 ; that the mayor had been for some time prior to the passage of these ordinances outside of the state of Kansas, and that he remained continuously outside of, and absent from, the state until after the next regular meeting of the council ; that said ordinances were on the date of their passage approved by the president of the council and acting mayor, and were published as required by law on August 25 thereafter ; that, before the commencement of this action, the plaintiff tendered to the county treasurer of said county a sum of money sufficient in amount to pay all the state and county taxes assessed against the real estate described in the petition, but that he "inadvertently omitted to tender the school tax in the twenty-fifth finding referred to, intending to pay all the taxes, except the taxes herein held invalid." The court held that under these findings the ordinances referred to were invalid, not having been approved by the mayor of the city of

Leavenworth, and that therefore plaintiff's tender was sufficient in amount for all taxes legally levied, except the school tax, and that he was entitled to a judgment enjoining and restraining the collection of the taxes levied by said ordinance, upon payment of the amount tendered, together with the payment of the school tax, with all penalties and interest thereon, within 30 days from the date of the trial. The amount due, as shown by the findings, was subsequently paid to the county treasurer by the plaintiff, and judgment was thereafter rendered perpetually enjoining the defendants and each of them "from asserting any lien or claim upon said above-described property for or on account of any taxes, general or special, assessed or levied against property for the year 1884." The city brings the case here upon a transcript of the record, seeking a reversal of the judgment.

But two questions are presented by the record for our determination : (1) Did the president of the council have any legal authority to approve the ordinances levying the city taxes in the year 1884? (2) Did the court commit reversible error in permitting the plaintiff below, in the absence of a prior tender, to pay the taxes levied for school purposes in the year 1884, and after such payment was made, in rendering judgment in his favor, enjoining the collection of the taxes attempted to be levied by the city?

The decision of the first question presented depends upon the construction to be given to section 48, and subdivision 42 of section 11, chapter 37, Laws of 1881. Section 48, under "Powers and Duties of the Mayor," reads as follows :

"When any vacancy shall happen in the office of mayor by death, resignation, absence from the city, removal from office, refusal to qualify, or otherwise,

the president of the council for the time being shall exercise the office of mayor, with all the rights, privileges and jurisdiction of the regular mayor, until such vacancy be filled, or such disability be removed, or in case of temporary absence, until the mayor shall return ; and in case of such vacancy, other than temporary absence or disability, the person exercising the office of mayor shall forthwith cause a new election to be held, giving 10 days' notice by proclamation." (Gen. Stat. 1889, ¶ 600.)

Section 11, subdivision 42, under "Powers of the Mayor and Council," reads as follows :

"To elect one of their own body, who shall be styled 'President of the council,' and who shall preside at all meetings of the council in the absence of the mayor ; and in the absence of the president of the council, to select one of their own body to occupy the place temporarily, who shall be styled 'Acting president of the council'; and the president and acting president, when occupying the place of mayor, shall have the same power as the mayor, but shall not exercise the rights, duties or privileges of a councilman while so acting as mayor : *Provided*, That the acting mayor shall have no power to sign or execute contracts, or approve or disapprove ordinances, except for the current expenses of the city for the preceding month." (Gen. Stat. 1889, ¶ 555.)

Section 48 reads substantially the same as section 30, article 3, chapter 46, Laws of 1862. Section 23, article 2, of that act provided for the election of a president and acting president of the council, but no attempt was made in that section to prescribe the duties which devolved upon such officer other than to preside over the council. Under sections 23 and 30 of that act, the president of the council performed all of the duties of the mayor in the absence of the latter, "except in judicial matters." In 1868 this section 23 was amended, and the legisla-

ture then declared that "the president and acting president, when occupying the place of mayor, shall have the same power as the mayor." Under this legislation there was no conflict between the various sections defining the powers and duties of the mayor and acting mayor respectively, but in the revision of the act relating to cities of the first class, in 1881, the legislature added to this section the proviso that "the acting mayor shall have no power to sign or execute contracts or approve or disapprove ordinances, except for the current expenses of the city for the preceding month." It is evident from the language employed in this revision that the legislature sought to limit the powers which the acting mayor had previously possessed, and to except therefrom the right to sign or execute contracts on behalf of the city, or to approve or disapprove any ordinance having for its object anything save the appropriation of funds to meet the current expenses of the preceding month. This they attempted to do by the use of the most positive language that could be employed to accomplish such purpose, and, although said section 48 may seem to be repugnant to the proviso contained in subdivision 42 of section 11, we do not think they are so conflicting as to render either of them inoperative. If it is possible so to construe them as to give each force and effect, our duty is plain. There has been no material change in the law, as declared in section 48, since 1862, except as to the powers conferred on the acting mayor under that section, which have been modified by the amendment of section 11. The section last named, as originally enacted, provided generally for the election of some one to preside over the council in case of absence or disability of the mayor. In the revision in 1888 an

unnecessary addition was made to this section, giving the acting mayor the same power as had already been conferred upon him in the section of the prior act corresponding with said section 48. In 1881 an amendment was made, providing, among other things, that he should have no power to sign an ordinance except for the current expenses of the city for the preceding month. This is the latest declaration of the legislative will, and must be held to restrict the powers otherwise conferred under section 48. Under such a construction, both sections should be read as though forming but one declaration, and the meaning then becomes clear and unequivocal, that the council should elect one of their own number, who should be styled "President of the council," who should, during the absence or disability of the mayor, preside over the council and discharge all the powers of the mayor, except to sign or execute contracts, or to approve or disapprove ordinances having for their object anything save the appropriation of funds to meet the current expenses of the city for the preceding month, which excepted acts could only be legally done by the mayor; and that, should a vacancy in the office of mayor become permanent, then the acting mayor should forthwith cause a new election to be held.

In this case, the mayor of the city was absent from the state on the date of the passage of the ordinances levying the city taxes for the year 1884, and so remained until after the next regular meeting of the council. The president of the council, while acting as mayor during such absence, attempted to give effect to the tax levy, by approving the ordinances on the date of their passage. The trial court held that these were acts which the legislature had declared the acting mayor had no power to perform.

Section 40 of said chapter 37, Laws of 1881 (Gen. Stat. 1889, ¶ 592), provides:

"The mayor shall have power to sign or veto any ordinance passed by the city council. Any ordinance vetoed by the mayor may be passed over the veto by a vote of three-fourths of the whole number of the councilmen elected, notwithstanding the veto; and should the mayor neglect or refuse to sign any ordinance, or return the same with his objection in writing at the next regular meeting of the council, the same shall take effect without his signature."

Section 108 of the same act provides:

" . . . All ordinances shall, as soon as practicable after they are passed, be published in some newspaper printed within the city, and no ordinance having any object beyond the bare appropriation of money shall be in force until published as herein provided." (Gen. Stat. 1889, ¶ 662.)

These ordinances were, as stated, passed on August 23, approved by the acting mayor on the same day, and published two days later, and certified to the county clerk, who was authorized by law to make the assessment after a legal levy had been made. All this transpired before "the next regular meeting of the council." The ordinances were not approved by the mayor, nor did he return them with his objections thereto, nor were they published "after the next regular meeting of the council." The taxes were assessed under and by virtue of the ordinances as passed and approved by the acting mayor. These ordinances were not valid enactments, binding upon the taxpayers of the city, at the date of their publication, and the court properly held that no legal levy of taxes was made by the city in the year 1884.

Did the court err in requiring the plaintiff to pay

the school taxes assessed against the real estate described in the petition—no tender thereof having been made prior to the commencement of the action—and thereafter in rendering judgment enjoining the collection of the city taxes? The petition alleged that the plaintiff had paid all the taxes that had been legally assessed against the property, or, if any remained unpaid, that he was ready and willing to redeem and pay the same, if valid and equitable. The court especially found that the plaintiff intended to pay all the taxes, except those attempted to be levied by the city, but that he inadvertently omitted to tender the school taxes. We do not think that a tender of the amount of the school taxes before the commencement of this action was absolutely essential to entitle the plaintiff to a judgment enjoining the city from attempting to collect the taxes that were assessed in its favor. (*Cartwright v. McFadden*, 24 Kan. 662; *McKeen v. Haxtun*, 25 id. 698; *West v. Cameron*, 39 id. 736.) The only interest the city had in this controversy was to secure the taxes that had been assessed in favor of the city against the plaintiff's property. Because of the invalidity of the ordinances establishing the levy, there was no legal assessment, and the plaintiff was entitled to have it so judicially declared. The school taxes were not levied by the city, and the plaintiff in error has no more interest in the fund raised for school purposes than any outside party. No one else is here complaining. The board of education was not made a party to the action. The board of county commissioners, the county clerk and the county treasurer made no defense in the court below, nor did they, or either of them, interpose any objection to the judgment that was rendered, or save

an exception to any ruling of the court. If any error was committed, it was not prejudicial to any substantial right of the city.

.The judgment will be affirmed.

All the Judges concurring.