Mathews v. Buckingham.

REBECCA MATHEWS V. HENRY BUCKINGHAM.

1. ——————— *Presumption of Law.* The law presumes that every man in his private and official character does his duty until the contrary is proved.

2. TOWN SITE; *Evidence; Title.* Where B. derives his title to a certain lot in Salina through a patent of the United States to the probate judge of Saline county to certain lands in trust for the occupants of the town site of Salina, according to their respective interests under the act of Congress of May 23d, 1844; then through a deed of the probate judge of the same land jointly to P. and seven others as the occupants of said town site; then through deeds of all of said occupants but P. to the Salina town company; then through the deeds of the Salina town company to P.; and finally under a deed executed by P. to B.: *Held,* The patent of the United States and the town company deed were properly received in evidence without any preliminary testimony of the proceedings upon which their issuance was based, or of the organization of the town company; and *held,* that said conveyances show a title in *fee simple* in *B.*

3. REDEMPTION FROM TAX SALE; *Tender of Taxes; Tax Deed, when Void* The owner of land has the right to redeem the same from tax sale at any time before the execution of the tax deed, and where a tender is made by the owner to the treasurer of the county where such land was sold of the amount of the sale and all subsequent taxes and charges thereon, with interest as required by law, prior to the acknowledgment and delivery of the deed, *held,* if the tax deed is acknowledged and delivered thereafter, it is null and void.

*Error from Saline District Court.*

DEFENDANT in error, plaintiff in the court below, on the 14th day of August, 1877, filed his petition in the district court of Saline county against the plaintiff in error, for the recovery of lot 140, on Fifth street, in Salina. The plaintiff in error filed an answer, denying that the defendant in error was seized in fee simple of the lot, and claiming title under a tax deed to Sarah Sebring, and a warranty deed from her. The defendant in error replied, denying the new matter in the answer, and alleging the tax deed was void, and a tender of taxes before the execution of said deed. Trial was had before the court and a jury, on December 14th, 1877. Defendant in error, to prove title, introduced in evidence a

patent, dated August 4th, 1866, from the United States to Andrew A. Morrison, probate judge of Saline county, to the S. W. ¼ of section 12, and N. W. ¼ of section 13, township 14, range 3, west, in trust for the occupants of the town site of Salina, *according to their respective interests*, under the act of Congress of May 23, 1844; a deed by said probate judge of the same tract of land jointly to *William A. Phillips*, David L. Phillips, Alexander C. Spilman, Alexander M. Campbell, Robert H. Bishop, Ransom Calkins, James Muir, and William Bishop, dated June 18, 1863; a deed by A. M. Campbell to Salina town company of his interest in said tract of land, dated September 4, 1863; deed by R. H. Bishop to Salina town company of his interest in said land, dated September 10, 1863; deed by W. Bishop to Salina town company of his interest in the said land, dated September 11, 1863; deed by David L. Phillips to Salina town company of his interest in the said tract of land, dated September 4, 1863; deed by A. C. Spilman to Salina town company of his interest in said land, dated March 1, 1864; deed by Ransom Calkins to Salina town company of his interest in said land, dated September 6, 1863; a deed by James Muir of his interest in same to Salina town company, dated September 6, 1863; a deed by Salina town company to W. A. Phillips of lot 140, on Fifth street, and others in the town of Salina, dated September 11, 1863; and a deed by William A. Phillips to said defendant in error of certain lots in Salina, including lot 140, dated September 15, 1866. Plaintiff in error relied upon the tax deed to Sarah Sebring, and her warranty deed of February 19, 1877. Defendant in error offered evidence to show such deed was void. The court directed the jury to return a verdict for the defendant in error, and afterward rendered judgment accordingly. The defendant below duly excepted, and brings the case here.

*Foster & Banks*, for plaintiff in error.

*R. A. Lovitt*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The main question presented is, whether the trial court rightfully directed the jury to return a verdict for the defendant in error? After he proved title in himself through various conveyances running back to the United States, plaintiff in error introduced in evidence a tax deed, covering the lot in controversy, and lot No. 2, county park, in Salina, dated May 7, 1874, but purporting to have been acknowledged on May 14th of the same year; then a warranty deed from Sarah Sebring to her, dated February 19, 1877, and rested. Defendant in error proved in rebuttal, that on May 8, 1874, he made application to redeem the lot, and then tendered to the treasurer of Saline county the amount for which the property was sold, together with the subsequent taxes, charges, and all interest, and that the tax deed was not acknowledged or delivered until after said date.

In an action of this character, the plaintiff in the court below must have recovered upon the strength of his own title; but when that title was once established, the court was right in directing a verdict for such plaintiff, if no evidence was offered to militate against it, or overthrow it. No defect appeared in any of the conveyances through which the defendant in error derived his title. The objections to these conveyances made by the plaintiff in error are not tenable. If there were any irregularities in the issuance of the patent of August 4, 1866, from the United States to the probate judge of Saline county, or from the other grantors, including the deed of the Salina town company, it was incumbent on the plaintiff in error to offer proof of them. Counsel claim the patent was void, for the alleged reason that the sale of the town site took place prior to its entry, yet there is nothing in the record sustaining this assertion, while the recitals in the conveyances show the reverse to be the case. As the law presumes that every man in his private and official character does his duty until the contrary is proved, both the patent and the town company deed were properly admitted.

No preliminary proof of the proceedings upon which the patent and town company deed were based, or of the organization of the town company, was necessary for their introduction. This disposition of these matters leaves only for consideration the character of the tax deed, upon which plaintiff in error relied. This deed is void because it shows upon its face that two separate and distinct lots or tracts of land were sold together. It discloses that it was executed in violation of law. (*Hall's Heirs v. Dodge,* 18 Kas. 277.)

Further than this, the undisputed facts show the deed ought never to have been executed. The defendant in error had the right, as owner of the premises, to redeem the lot from the tax sale at any time before the execution of the deed. (Gen. Stat., p. 1051, § 100; Laws 1876, ch. 34, § 127.) The application to redeem, and the tender of all the money necessary therefor, was made on May 8, 1874. The deed was not acknowledged until May 14, 1874, and not delivered till some days thereafter; so it was not executed when the tender was made. The treasurer should have accepted the money when offered, and the plaintiff in error ought to have received this instead of the deed, which was without validity.

As the title of the lot was complete in the defendant in error, and as the tax deed was void, there was no evidence in the case to sustain a judgment for the plaintiff in error, and therefore the trial court committed no error in directing judgment for the defendant in error.

The attention of the court has never been called to any application under the occupying-claimant law, and no error can be based upon its non-action in that regard.

As the plaintiff in error agreed that the originals of the deeds and conveyances were not, at the time of the trial, in the possession or under the control of the defendant in error or his attorneys, all objections founded against the introduction of copies of the same in their absence was waived, and we need not comment further on the allegations of error in receiving such copies.

The judgment of the district court will be affirmed; but

upon the entry of the mandate of affirmance, the court below is directed to order the defendant in error to pay to the plaintiff in error the taxes, charges and penalties tendered May 8, 1874, before such party shall be let into possession of the lot recovered under the judgment in the case.

All the Justices concurring.