## NICHOLAS LEITZBACH v. ALLEN H. JACKMAN.

1. MORTGAGED LAND, *Redemption of.* In a case where land is mortgaged, if the mortgagor fails or neglects to pay the taxes, and permits the land to be sold therefor, the owner and holder of the mortgage may pay the taxes and redeem the land.

2. TAX DEED, *When Null.* Where the owner of land or his agent redeems the same from a tax sale before the execution of the tax deed, in accordance with the provisions of the statute, a tax deed issued after the land is so redeemed is null and void.

3. ACTION TO QUIET TITLE, *Not Maintained.* Where the holder of a void tax deed .issued after the land has been redeemed as provided by law enters into the possession of the land under such tax deed, he acquires thereby no title or right of possession as against the grantee of the original owner thereof, and cannot by virtue of his possession under the void tax deed maintain an action to quiet title against the grantee holding the legal title thereto.

4. JUDGMENT, *Valid Until Vacated.* Where proceedings are instituted in the United States circuit court to foreclose a mortgage executed by the owner of real estate, and a sale of the premises is made to the holder thereof under a decree rendered in that court, and thereafter the sale is confirmed and a master's deed is executed under the order of confirmation, and to obtain possession of the premises retained by the mortgagor the holder of the master's deed commences an action in ejectment in the United States circuit court against the mortgagor, and thereafter judgment upon due service is rendered against the mortgagor in favor of the purchaser for the recovery of the possession of the land, such judgment, even if erroneous, is valid and binding until vacated or reversed, and the

decree of the federal court foreclosing the mortgage, together with the master's deed and the subsequent proceedings in ejectment, transfer to the holder of the master's deed all of the title of the mortgagor.

*Error from Allen District Court.*

AT the March Term, 1882, of the district court, plaintiff *Jackman* recovered a judgment against defendant *Leitzbach*, who brings the case here. The nature of the action, and the facts, appear in the opinion.

*Almerin Gillett*, for plaintiff in error.

*G. P. Smith*, and *Cates & Keplinger*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are substantially as follows: In the year 1872, one G. P. Smith was the owner in fee simple of seventy acres in the south half of section 9, township 26, range 18, situate in Allen county. In that year he and his wife, Margaret C. Smith, mortgaged the premises to Henry Gay for a loan of money from the firm of Gilbert & Gay, of the state of Connecticut, who were the agents of Nicholas Leitzbach. After the maturity of the note, Leitzbach prosecuted an action for the foreclosure of the mortgage and for a personal judgment against Smith, in the United States circuit court for the district of Kansas, and judgment was rendered in that court on June 11, 1878, against Smith for the sum of $3,938.75, and a decree was also entered for the sale of the mortgaged property to satisfy the judgment. The decree of the United States circuit court ordered the master of the court to advertise the mortgaged premises for sale in the Leavenworth *Times*, in the county of Leavenworth, for thirty days prior to the day of sale, and to sell the same at public auction at the east door of the court house in the city of Leavenworth, and report the proceedings to the court for confirmation. Afterward, the master advertised the lands for sale in the Leavenworth *Times*, and on the 29th day of the publication thereof he sold the premises to Leitzbach. The master's report to the

court stated that the lands had been advertised for sale for more than thirty days prior to the day of sale, when in fact the proof of publication attached thereto showed that the sale was made on the 29th day of the publication. The court confirmed the sale and ordered a deed to be executed to Leitzbach, and on the 29th day of April, 1879, the master's deed was so executed. The land in controversy had been sold for taxes in the year 1876 for the taxes of 1875, to Blackwood & Hand, and a tax-sale certificate issued to them, which was afterward assigned to one Nancy E. Fisher. The taxes on the land for the years 1876, 1877 and 1878 were paid by the holder of the tax certificate, and duly indorsed thereon. On September 14, 1879, Gilbert & Gay paid into the county treasury of Allen county, for the purpose of redeeming the land from the tax sale of 1876, the sum of $421.80, that sum being the full amount necessary to redeem the land at that time, and received from the treasurer of the county, signed by him and countersigned by the clerk of the county, a certificate of redemption of the land from the tax sale in due form, and in the name of Gilbert & Gay. Said Gilbert & Gay were the agents of Leitzbach for paying the taxes and for taking measures for acquiring possession of the land, and at that time they charged the amount of money for the redemption to the account of Leitzbach at their bank. On the 9th day of February, 1880, Leitzbach brought an action in ejectment in the United States circuit court for the district of Kansas as plaintiff against G. P. Smith, Margaret C. Smith, Garrett Smith, Paul Fisher and Garrett Worther, for the recovery of the possession of the land so conveyed to him by the master's deed of April 29, 1879. In the action, all the defendants were personally served. Trial was had thereon at the November term of the court, and on December 3, 1881, final judgment was rendered in favor of Leitzbach against all of the defendants for the recovery of the possession of the land. In the trial, defendants made the objection that the plaintiff's title was invalid under the master's deed, by reason of the master advertising the sale only twenty-nine

days instead of thirty days, and because the sale was made and the advertisement had in the county of Leavenworth instead of the county of Allen; all of these objections were overruled by the court. On the 25th day of March, 1880, and after Gilbert & Gay, as agents for Leitzbach, had redeemed the land from taxes, the county clerk of Allen county executed to Nancy E. Fisher a tax deed, which tax deed was recorded in the office of the register of deeds for Allen county. On January 15, 1881, she executed a quitclaim deed to Jackman, defendant in error (plaintiff below), and Jackman on the 27th of April, 1881, commenced this action to quiet title as against Leitzbach. Upon the trial in the court below, the court found as a conclusion of law, that at the time of the commencement of this action Jackman was the owner in *fee simple* of the premises described in the petition, and that the defendant's claim of title thereto was a cloud upon the title of plaintiff. This conclusion of law is not supported by the findings of fact, and is wholly erroneous. Whether we regard Leitzbach as the holder of the mortgage executed by Smith and wife, or as the owner in fee simple of the premises by virtue of the conveyance of April 18, 1879, the tax deed of March 25, 1878, was void, and transferred no title. (Sec. 127, ch. 107, Comp. Laws 1879; §§ 140, 141, ch. 107, Comp. Laws 1879; § 148, ch. 107, Comp. Laws 1879; *Mathews v. Buckingham*, 22 Kas. 166.) This conclusion defeats the title of Jackman, and strips him naked of any interest or estate, legal or equitable, to the land in controversy. If he went into possession under the original owner, G. P. Smith, and after the commencement of the action in ejectment in the federal court, he is bound by the judgment of that court rendered on December 3, 1881, as he is thereby in privity with Smith's title. If he bases his title and possession upon the quitclaim deed of Nancy E. Fisher of the date of January 15, 1881, he has nothing whatever to stand upon, as that tax deed is null and void. (*Mathews v. Buckingham,* supra.) Counsel representing the defendant in error (plaintiff below) have filed an elaborate brief, setting forth at great length various

objections to the master's deed of the date of April 29, 1879, and to the validity of the proceedings in the federal court upon which this deed is based. In our view of this case, the validity of that deed and the proceedings in the federal court concerning the foreclosure of the mortgage executed by Smith and wife, and the sale thereunder, are not material. After the master's deed was executed, Leitzbach commenced his action in the federal court in ejectment against Smith and wife and other parties, for the purpose of recovering the land in controversy. The identical objections now made to the master's deed, and to the sale under the decree of foreclosure, were presented in that court. These objections were decided adversely to Smith and the other defendants in the ejectment action; and as to Smith and all parties in privity with him, that judgment is conclusive. If erroneous, an appeal must be taken in accordance with the provisions of law. So long as the judgment stands unreversed, it must be respected and obeyed. Smith was the original owner of this land. The decree of the federal court and the master's deed, together with the subsequent proceedings in that court, gave to Jackman all of Smith's title, and as neither Nancy E. Fisher nor Jackman acquired any title or right of possession by virtue of the void tax deed of March 25, 1880, Jackman was not and is not entitled to be decreed the owner of the land, and was not and is not entitled as against Leitzbach in the proceedings commenced by him to any judgment whatever.

The judgment of the district court will be reversed, and the cause remanded, with direction to the court below to enter judgment in favor of plaintiff in error, decreeing the alleged title of Jackman to be void.

All the Justices concurring.