## S. B. RIGGS v. MONTFORD ANDERSON.

TOWN-SITE CERTIFICATES — *Tax Deeds* — *Paramount Title.* In an action
for the recovery of real estate, where the plaintiff claimed title under
a certificate issued by a town-site company, duly assigned, showing
that the holder was entitled to a good and sufficient warranty deed,
as soon as such company should receive the title to the town-site, and
such town-site company obtained the title through the probate judge,
but never made a deed to the assignee of such certificate, and the
corporation expired by limitation, and the defendant claimed under
tax deeds, which were void; and the fact was that he had been in pos-
session of the premises and made lasting and valuable improvements
thereon, more than one year before suit was brought: *Held,* That
the plaintiff's title was paramount to that of the defendant, and that
he was entitled to recover as the equitable owner of such real estate.

*Error from Butler District Court.*

EJECTMENT. Judgment for defendant, *Anderson,* at the
December term, 1888. The plaintiff, *Riggs,* brings the case
to this court. The facts are stated in the opinion.

*J. Jay Buck,* for plaintiff in error.

*Eaton, Love & Pollock,* for defendant in error.

Opinion by GREEN, C. : This was an action for the recovery
of lot 4 in block 77, in Arkansas City, commenced in the
district court of Cowley county, but tried on a change of
venue in Butler county. The plaintiff below claimed title
under the following state of facts : The lot in question was a
part of the town-site of Arkansas City, which was entered by
the probate judge of Cowley county, on the 15th day of July,
1871, and deeded by him to the Arkansas City Town Company,
on the 2d day of October, 1871. A patent was issued May
1, 1873. The Arkansas City Town Company was chartered
July 13, 1871, and the term of existence was fixed at the pe-
riod of 10 years. Jacob Stotler was a member of the town
company and a stockholder. As such stockholder, he received

two certificates from the town company, which were the same, except as to the number, one of which reads as follows:

"No. 270.—ARKANSAS CITY TOWN COMPANY.—This certificate of stock entitles the holder, Jacob Stotler, to one share of seven lots in Arkansas City, Cowley county, Kansas, and to receive a good and sufficient warranty deed for the several lots as soon as the company shall receive title to the townsite and shares shall be drawn.

H. B. NORTON, <em>President.</em><br>
W. M. SLEETH, <em>Secretary.</em>

"ARKANSAS CITY, Sept. 6, 1871."

Previous to the drawing, Jacob Stotler sold and assigned his interest in the certificate to Solomon H. Dodge, and made the following indorsement thereon:

"For value received, I hereby transfer and assign the within certificate to Solomon H. Dodge.

(Signed)    JACOB STOTLER."

This assignment was recognized by the town company; and, on the 28th day of October, 1871, Dodge was notified by its secretary of the drawing, and that certificate numbered 270 had drawn lot 4, in block 77, with others. Some time in the year 1883, Dodge delivered his certificates to the plaintiff in this action, with a request to procure a deed for the lots drawn; and in February, 1883, the plaintiff applied to the secretary of the town company for such deed, but failed to obtain it, for the reason that the secretary regarded the corporation as extinct by the limitation in its charter. Solomon H. Dodge died on the 23d day of May, 1886, leaving two heirs, who conveyed by quitclaim deed to the plaintiff all their interest in the lots drawn by both certificates. A complete record was made of the drawing, but opposite the lots drawn by the certificates issued originally to Stotler and assigned to Dodge no name was written to indicate the person entitled to the deed for such lot. H. B. Norton was the only president of the Arkansas City Town Company, and he removed to California in 1874 or 1875, and died there in 1884.

The defendant below claimed title by possession acquired on the 10th day of March, 1885, first, under a tax deed, dated

May 15, 1876, to F. Gallotti; second, by a sheriff's deed, dated June 3, 1879, based upon the foreclosure proceedings of a mortgage given by Gallotti to F. J. Chapel; third, by virtue of a tax deed executed to C. M. Scott, September 14, 1883, and recorded September 22 following, holding title by intermediate conveyance from the grantees. The defendant, with those under whom he claims, paid all of the taxes upon the lot in controversy, except the taxes embraced in the two deeds. The defendant entered into possession of the lot on the 10th day of March, 1885, and has ever since been in the actual and exclusive possession, and has made lasting and valuable improvements upon the same, which were completed more than one year before this action was brought. Previous to March 10, 1885, the lot in question was vacant and unoccupied, and never was in the possession of Stotler or Dodge. The first tax deed under which the defendant below claimed was void on its face; and it was established that the second tax deed was made by the county clerk in express violation of the order of the board of county commissioners. The taxes had been previously paid, and the board had declared the sale invalid, and ordered the clerk not to convey the same, and the county treasurer was authorized to refund the taxes and penalties paid. The court below found for the defendant, and quieted the title in him. The plaintiff in error claims that, under the facts as found by the district court, he had a perfect equitable title to the lot in question, and brings the case here upon the findings of the court, and asks a reversal of the judgment. The tax deeds under which the defendant claimed title were void; the first deed, because the lots included therein were not contiguous or adjacent and were all sold and deeded together. The second deed was void for two reasons: First, the taxes for which the lot had been sold had been paid; second, the clerk had been ordered not to make a deed on account of the erroneous sale, and it was voidable because the final notice was defective; hence, the defendant was an occupant under two void tax deeds.

Do the findings of the court establish such an equitable ti-

tle in the plaintiff in error as authorized a recovery of the lot in question? The legal title to the lot was in the Arkansas City Town Company; it had issued certificates which had been duly assigned by the holder to Dodge and by Dodge's heirs the interest in such certificates had been quitclaimed to the plaintiff in error. The only thing lacking was a conveyance from the town company to the plaintiff in error, to make his title complete. Before he procured a deed, the corporation had expired. The certificate recited that the original holder was entitled to a sufficient warranty deed for the several lots as soon as the company received a title to the townsite and the shares should be drawn. From the findings, it appears that the town company obtained the title; and that fact established the right of the holder of the certificate to a deed. The assignment of the certificate to Dodge, and the quitclaim deed of his interest, by his heirs, made the plaintiff in error the equitable owner of the lot. While it is true and a well-settled legal proposition that a plaintiff in an action in ejectment must recover upon the strength of his own title, yet, in this state, under § 595 of the code of civil procedure, the plaintiff is not required to hold the legal title, or a title paramount to the title of all others, to enable him to recover. All that is necessary to entitle him to recover is, that he shall have some kind of an estate in the property in controversy, legal or equitable, and that his title to the property shall be paramount to that of the defendant. (*Hollenbeck v. Ess*, 31 Kas. 87; *A. T. & S. F. Rld. Co. v. Pracht*, 30 id. 71; *A. T. & S. F. Rld. Co. v. Rockwood*, 25 id. 302; *Simpson v. Boring*, 16 id. 248, and cases there cited.)

We think the title of the plaintiff, as found by the trial court, was superior to that of the defendant.

The court found that the first tax deed was void on its face, but as to the second, while good on its face, as a matter of fact the taxes had been paid prior to the sale; this rendered the second deed void. Where the owner of land or his agent redeemed the same from a tax sale before the execution of the tax deed, in accordance with the provisions of the statute, a

tax deed issued after the land is so redeemed is null and void. ('Tax Law, § 140; Gen. Stat. of 1889, ¶ 6994; *Leitzbach v. Jackman,* 28 Kas. 524.) As we view the case, the defendant only had a possessory title. While possession, with claim of ownership, is evidence of title, it is of itself an inferior title. The legal title to the town-site passed from the government to the probate judge, and from him to the town company; and the latter had issued a certificate by which it parted with all its interest in the lot in question, except conveying the legal title, which it held for the benefit of the certificate holder, his heirs or assigns. It will ·be presumed that the probate judge deeded the land to the proper party. (*Sherry v. Sampson,* 11 Kas. 612.) The defendant can be amply protected for the improvements he has made upon the premises and the taxes he has paid. (Tax Law, § 142; Gen. Stat. of 1889, ¶ 6996; Civil Code, §§ 601, 602.)

We recommend a reversal of the judgment of the district court, and that a new trial be granted.

By the Court: It is so ordered.

All the Justices concurring.