## E. A. Prizer v. Arvilla K. Taylor.
### No. 88.

1. Title—*Who Maintain Action to Quiet.* One in the quiet and peaceable possession of land, under color of title, may maintain an action to quiet his title as against an adverse claimant who cannot show a superior title.

2. ——— *Tax-Sale Purchase Treated as a Redemption.* When the purchaser and assignee of an outstanding tax-sale certificate, issued upon the sale of certain real estate for delinquent taxes assessed against the same, has an interest as owner in said real estate, such purchase and assignment will be deemed a redemption of the land from the tax sale, when a tax deed issued thereon is set up against a grantee of the title, under a conveyance from such assignee.

3. Taxation—*Assignment of Certificate.* The assignee of a tax-sale certificate takes the same subject to whatever imperfections and disabilities existed against it in the hands of his assignor.

Memorandum.— Error from Phillips district court; G. Werb Bertram, judge. Action to quiet title by Arvilla K. Taylor against E. A. Prizer. Judgment for plaintiff. Defendant brings the case to this court. Affirmed. The opinion herein, filed May 5, 1896, states the material facts.

*C. A. Lewis,* for plaintiff in error.

*R. Frank Stinson,* for defendant in error.

The opinion of the court was delivered by

Garver, J.: Arvilla K. Taylor, as plaintiff, instituted this action in the district court of Phillips county to quiet her title, against an adverse claim made by the plaintiff in error, E. A. Prizer, to 160 acres of land in that county. Upon a trial by the court, judgment was rendered in the plaintiff's favor. The facts, as they appear from the evidence and the findings of the court, are as follows: March 16, 1891, N. Rosenberg

purchased the land in question at a sheriff's sale, a sheriff's deed being executed to him therefor under date of May 13, 1891. February 10, 1892, N. Rosenberg and E. P. Rosenberg, his wife, made a deed of the land in which said E. P. Rosenberg was named as grantee; and on March 28, 1892, a deed from E. P. Rosenberg and N. Rosenberg, her husband, was executed conveying the land to the plaintiff, Taylor, for a consideration of $1,200. Each of the last-named deeds contained covenants against liens and incumbrances of every nature, taxes being expressly included within such covenants. Pursuant to the conveyance to her, the plaintiff took possession of the premises, and was in possession at the time of the commencement of this action. On September 3, 1889, the land was sold by the treasurer of said county for the delinquent taxes of 1888 to one William Logan, to whom a tax certificate was duly issued. May 4, 1891, Logan transferred said certificate, by a written assignment indorsed thereon, to N. Rosenberg. Subsequently the name of Rosenberg was erased from such assignment—by whom does not appear—the name of E. A. Prizer, Rosenberg's father-in-law, being inserted in place thereof. On such certificate, a tax deed was executed to Prizer by the county clerk of said county September 7, 1892. The question in this case is whether, by the tax deed so obtained, any valid adverse claim was vested in Prizer as against the plaintiff, Taylor.

At the outset, the defendant contends that the plaintiff failed to show in herself any such title or interest as would enable her to maintain this action. This contention is based upon the fact that there were certain irregularities in the proceedings on which the sheriff's deed was based that were of such a character as to invalidate the plaintiff's title. It is argued that

the plaintiff must recover, if at all, upon the strength of her own title, and not upon the weakness of the title of the defendant. That is a familiar rule in actions for the recovery of the possession of real estate, the cases cited by counsel for the defendant being of that character. But a different rule applies in this case. One in the quiet and peaceable possession of land, under color of title, may maintain an action to quiet his title as against an adverse claimant who cannot show a superior title. (*Brenner v. Bigelow*, 8 Kan. 496; *Giltenan v. Lemert*, 13 id. 476.) Under this rule, the objection of the defendant cannot prevail.

At the time N. Rosenberg secured the transfer of the tax-sale certificate, he was the purchaser of the land upon which such certificate was issued, only lacking the sheriff's deed, as evidence of his title, to be absolute owner thereof. Under such circumstances, he was not in a position to acquire a tax title, and the purchase by him of such certificate will, as against this plaintiff, be held to be a payment of the delinquent taxes, and a redemption of the land from the tax sale. (*Keith v. Keith*, 26 Kan. 26; *Jones v. Comm'rs of Miami Co.*, 30 id. 278; *Miller v. Ziegler*, 31 id. 417.) The assignee of a tax-sale certificate acquires no better title thereto than that possessed by his assignor; nor does the assignment confer upon the assignee any lien for delinquent taxes superior to that which the assignor could claim. Whatever imperfections and disabilities existed against such certificate in the hands of the assignor are operative against any subsequent claimant. The statute by express words limits the effect of the transfer to the interest of the assignor. The language of the statute is, "any person's interest therein may be transferred by written assignment, indorsed upon or attached to

the same." (Gen. Stat. 1889, ¶ 6965.)   See, also, *Watson v. Phelps,* 40 Iowa, 482 ; *Jackson v. Jacksonport,* 56 Wis. 310.

Hence, even though we concede that an assignment of the certificate could be effected by erasing the name of the original assignee and inserting the name of a third person, the legal rights of the parties to this action would remain the same.   We are of the opinion, however, that an assignment cannot be made in that manner.   The assignment indorsed upon this certificate was the act of Logan.   By alteration or mutilation, neither Rosenberg nor any other person, without Logan's knowledge and consent, could transform that into an assignment to a different person. The statute above cited fixes the method by which an assignment may be made.   Unless evidenced in that manner, the assignee of such certificate is not entitled to demand or receive a tax deed thereon. (*Clippinger v. Tuller,* 10 Kan. 377 ; *Horn v. Garry,* 49 Wis. 464 ; *Smith v. Todd,* 55 id. 459 ; *Bird v. Jones,* 37 Ark. 195.) As the transfer of the tax-sale certificate to Rosenberg was in legal effect a redemption of the land from the tax sale, the tax deed issued thereon was invalid. (*Leitzbach v. Jackman,* 28 Kan. 524.)

Complaint is made of various rulings of the court upon the admission of evidence, but we do not deem them of sufficient importance to make special mention of them in this opinion.   Among other things, it is objected that the court permitted it to be shown that the name "N. Rosenberg" appeared on the record kept by the county treasurer of lands sold for taxes as the name of the assignee of the certificate issued to Logan.   This name was written in pencil by the county treasurer.   Though he had no distinct recollection of the transaction itself, as this was a record

which the law required him to keep (Gen. Stat. 1889, ¶ 6969), we think it was competent evidence. Independently of that, however, the evidence was clear and undisputed that Logan transferred the certificate, by the written assignment, to Rosenberg and not to Prizer. It is significant that while the defendant, in argument, questions the competency and sufficiency of the evidence to show that the certificate was originally transferred to Rosenberg, yet neither Rosenberg nor Prizer has a word to say in explanation of the transaction. We think the case was fairly tried, without substantial error. The judgment of the court is fully sustained by the evidence, and meets our hearty approval as a just determination of the rights of the parties to this action.

The judgment will be affirmed.

All the Judges concurring.