FRANK McCOY v. NATHANIEL G. HICKMAN *et al..* (NA-
THANIEL G. HICKMAN, *Appellee;* DENNIS DOTY *et al.,*
*Appellants*).

No. 17,000.

SYLLABUS BY THE COURT.

TAX DEED—*Lien for Taxes—Certificate in Name of Owner of
Land—Assignment.* The owner of land which was subject to
a mortgage neglected to pay the taxes, and at a tax sale
bought in the land and took a tax-sale certificate therefor.
Three days afterward he assigned the certificate, and there-
after the assignee paid the subsequent taxes thereon for three
years, which were indorsed upon the certificate, and a tax
deed was afterward issued to him. In an action for fore
closure of the mortgage, it is held that the taxes for which the
land was sold should be deemed to have been paid by the
owner, and therefore not the subject of a lien, but that a lien
should be allowed in favor of the holder of the tax deed for
the subsequent taxes paid.by the assignee with interest and
costs, as provided in section 9484 of the General Statutes of
1909.

Appeal from Haskell district court. Opinion filed
July 7, 1911. Modified and affirmed.

*W. R. Hopkins, Richard J. Hopkins,* and *Hoskinson
& Hoskinson,* for the appellants.

*Bennett R. Wheeler,* and *John F. Switzer,* for the
appellee.

The opinion of the court was delivered by

BENSON, J.: The abstract does not show what the
cause of action of the plaintiff, McCoy, was, nor the
claims of some of the defendants, but the issues tried
arose upon a counter claim of Hickman for the fore-
closure of a mortgage, the answer of Doty claiming
under two tax deeds, and the answer of Reeves claim-
ing under the patent title. Both Doty and Reeves also
pleaded the statute of limitations against the mort-
gage. It is conceded that both tax deeds were void as

conveyances. The court allowed a lien upon the land for the amount of taxes, interest and costs, included in one of the tax deeds. No complaint is made of this ruling, but the court refused to allow any lien under the other tax deed, and from this decision an appeal is taken. A decree of foreclosure was entered in favor of the appellee (subject to the lien so allowed for taxes), and an appeal is taken also from this decree on the ground that recovery upon the mortgage is barred by limitation.

The tax sale for the taxes of 1889, recited in the deed under which a lien was refused, was made to the person then owning the land by conveyance thereof from the mortgagor. Being under a duty to pay the taxes he could not obtain a valid tax title thereon, and the payment made in such a situation for the tax certificate is held to be a payment of the taxes. The fact that he discharged his taxes through the form of a bid made at a tax sale and payment thereunder can not change the legal result between the parties. (*Stewart v. Elliott,* 63 Kan. 851; *Manley v. Debentures Co.,* 64 Kan. 573.)

It is contended, however, that the holder of the tax deed should be allowed a lien under the statute for the subsequent taxes of 1890, 1891 and 1892, which were paid by the assignee of the certificate, with interest and costs, as provided in the statute. (Laws 1893, ch. 110, § 6, Gen. Stat. 1909, § 9484.) This claim is opposed on the ground that the assignee of a tax certificate can acquire no greater rights than his assignor possessed. (*Prizer v. Taylor,* 3 Kan. App. 690; 37 Cyc. 1483.) That this is the general rule must be conceded. Under this rule a tax deed based upon such a certificate is necessarily invalid. Neither could a lien be given for the taxes for which the certificate was issued, for they were in legal contemplation paid by the owner. There is a distinction, however, between the taxes last referred to and subsequent taxes paid by the assignee.

The latter taxes were, when paid, a lien upon the land. The mortgagee might have paid them, and so protected his security, but he did not do so, and they were paid by the assignee of the certificate. The policy of the law is to encourage the payment of taxes, in order that the public revenues may be promptly received. It is suggested that the assignee had notice from the registry of deeds that his assignor owned the land, but it is believed that investments in such securities are not usually preceded by an examination of such records, since ordinarily the validity of tax titles does not depend on ownership by any particular person. The owner having neglected to pay the subsequent taxes, if the assignee had also failed to make such payment a sale would have been made to another, whose lien would have been good. It is not perceived how the mortgagee can be injured by the allowance of the lien therefor in the situation here presented. The general rule that the assignee acquires no better title than the assignor possessed is given full effect to prevent any lien for the taxes for which the certificate was issued and which are considered as paid. The allowance of a lien for subsequent taxes rests upon the fact that there was a valid lien for such taxes, to which the assignee became entitled by his payment made in good faith, and which falls within the spirit and policy of the statute and is not contrary to its letter.

The court found that the owner of the land not only paid the amount for which the certificate was issued, but that "before he assigned the said certificate he paid all of the taxes that were paid under said tax deed." It is difficult to see how this could have been done, since the assignment was made three days after the certificate was issued, and the subsequent taxes, except for the year 1890, were necessarily levied afterward. The tax deed recites that the subsequent taxes were paid by the assignee and the abstract contains no evidence to the contrary. It is needless to add that if

the owner of the land did in fact pay all of such subsequent taxes, no lien should be allowed therefor. But upon the evidence contained in the abstract, the finding, if construed to say that the owner paid all such taxes, can not be sustained. The conclusion of the court concerning the tax lien referred to is that it should be allowed to the extent of the subsequent taxes and interest thereon, and costs incident thereto, as provided by the statute. (Gen. Stat. 1909, § 9484.)

Referring to the defense pleaded to the mortgage foreclosure, based upon the statute of limitations, it appears that the mortgage was given to secure the payment of a note for $500, on July 1, 1893, with interest semiannually, as specified in ten interest notes attached thereto. The principal note contained the provision, "if default be made in the payment of any of said notes . . . the whole amount herein secured shall at once be and become due and payable." The mortgage contained a similar provision, but with this difference, that upon such default the whole amount should become due at the option of the payee. In this situation the note governs, and the whole amount became due upon default of payment of an interest note. (Kennedy v. Gibson, 68 Kan. 612.) The interest note due January 1, 1890, was not paid, and therefore the whole amount then became due, and a cause of action accrued therefor at that time. The mortgagor was then a resident of this state, and the statute of limitations then began to run in his favor. He left the state soon afterward and never returned. While absent the running of the statute was suspended, and consequently the action is not barred. The mortgagor became a resident of Missouri before the principal note would have matured had the interest been paid as agreed, and remained in the state a sufficient length of time to bar the action if the cause of action had arisen in that state. (Civ. Code, § 21.) The statute cited, however, does not apply, for the cause of action did

not arise in Missouri but in Kansas. This question has recently been considered in *Land Co. v. Bassett*, ante, p. 48, and further comment is unnecessary.

The judgment is modified so as to allow a lien for the subsequent taxes of 1890, 1891 and 1892, paid by the assignee of the certificate, with interest and costs incident thereto, as allowed by law; and when so modified, is affirmed. The cause is remanded for such modification.