FRANK McCOY v. NATHANIEL G. HICKMAN et. al. (NATHANIEL G. HICKMAN, Appellee; DENNIS DOTY et al., Appellants).

No. 17,000.

OPINION MADE MORE CERTAIN.

HEADNOTE BY THE REPORTER.

TAXATION—Voidable Tax Deed—Lien—Rate of Interest. Where the holder of a voidable tax deed issued in the year 1895 is given a lien for taxes paid, the amount of such lien is the amount for which the deed was issued and all subsequent taxes paid with twelve per cent interest thereon.

Appeal from Haskell district court. Opinion filed February 10, 1912. Original opinion made more certain. (For original opinion, see 85 Kan. 309, 116 Pac. 825.)

W. R. Hopkins, Richard J. Hopkins, and Hoskinson & Hoskinson, for the appellants.

Bennett R. Wheeler, and John F. Switzer, for the appellee.

Per Curiam: A motion is presented asking the court to determine the rate of interest to be allowed upon the tax deed, adjudged by this court to be a lien upon the land in question. (McCoy v. Hickman, 85 Kan. 309, 116 Pac. 825.) The deed was issued in the year 1895, after the passage of the act of 1893, reducing the rate

of interest to be allowed to the defeated holder of a tax deed. The appellee contends that the interest to be computed on the consideration of this tax deed in fixing the amount of the lien should be twenty per centum, the rate of interest prescribed upon tax certificates at the time the tax sale was made, because it is provided that "all matters relative to the sale and conveyance of lands for taxes under any prior statute shall be fully completed according to the laws under which they originated." (Gen. Stat. 1909, § 9501.) It has been held that under this statute it was proper to compute the consideration in a tax deed according to the rate in force when the taxes were paid, although it had been reduced before the deed was issued. (*Robertson v. Lombard*, 73 Kan. 779, 85 Pac. 528.) No question is presented here, however, concerning the rate of interest prior to the issuance of the deed. The deed merged the certificate which was surrendered. Computations down to that time had been made, as we must presume, according to the statute in force when the certificate was issued; afterward the grantee held under the deed, and the present law governs, which fixes the rate at twelve per cent upon the amount for which it was issued. (Gen. Stat. 1909, § 9484.)