The opinion of the court was delivered by
Brewer, J.:
This case turns upon, the validity of a tax-deed. As this deed was executed and recorded less than two years prior to the commencement of the action in the district court, the statute of limitations is outside the case. The deed being regular on its face, is prima facie evidence, under the statute, of the regularity of all the prior proceedings, and' can only be avoided by showing some actual and substantial defect in those proceedings. No mere irregularity is sufficient. There was a general finding in favor of the defendant in error, and against the tax-deed. Of course then, if any of the objections raised to the deed are good, the judgment will have to be affirmed. The plaintiff offered the following testimony, and outside of the .deed itself it was the only testimony bearing on the matters therein referred to:
Milo R. Harris, deputy treasurer, testified: “I have been *35 a deputy in the county treasury since December 1867. (Here a book was handed to the witness.) This book is the tax-roll of Franklin county, Kansas, for the year 1866. I cannot state the amount of tax on the lots 20 to 30 inclusive in block 107, in Ottawa for 1866, as it was extended for a number of lots including these, in an aggregate sum. A large number of lots, these six included, were assessed to M. J. Stimpson. These six lots were valued at $120. (Here another book was handed witness.) This is the record of tax-sales, showing that these six lots were sold at $5.79 on May 8th, 1867.”
The plaintiff then read in evidence an extract from said tax-roll book of 1866 in the words and figures following, to-wit:
“ Lots 20 to 30, block 107, number of lots, 6; valué per lot, $20; total valuation of these six lots, $120. Total valuation of $80 worth of personal property, these 6 lots, and 15 other lots, $245; state tax, 98c; state school tax, 25c; county tax, $1.96; county school fund, 49c. No. of district, 30; school-district tax, $3.06; delinquent road tax, 82c; total tax, $7.56; penalty 10 per cent., 76c. All the said lots and personal property are entered assessed to M. J. Stimpson.”
The plaintiff then read in evidence an extract from the above-named record book of tax-sales on May 8th 1867, as follows:
“No. of certificate, 79; date of sale, May 8th 1867; name of owner, M. J. Stimpson; lots 20 to 30, in block 107, sold for $5.79; purchased by Franklin county, and afterwards, on May 20th 1870, assigned to A. Hammatt for the sum of $8.05.”
Afterward Hammatt assigned the certificate to T. C. Sears, who took the deed in question. It appears that six lots were sold together, as one tract, and-for a sum in gross. This may or may not be good, depending on circumstances unnecessary to consider here. Of course, if a sale of the six as one is .good, an assessment in like manner will be sufficient. But there must be a fixed relation between the property assessed and the property sold. The property sold must be the, same tract as that assessed, or some definite portion or fraction of it, so that by a mere division or subtraction the amount of tax chargeable on the property sold can be determined *36 from the assessment roll. The treasurer has no authority to apportion values. All he can do is to deal with property on the values already fixed. Nor when the values have been once fixed, can he change them, or alter the burden of the taxes. Here in one assessment are grouped these six lots valued at $20 each, $80 worth of personal property, and fifteen lots worth $45, making a total assessment of $245. There is nothing to show where the personal property or the fifteen lots were! situated. That they were within the same taxing district as the six lots can only be inferred from the fact that they are grouped in the same assessment, and charged with the same taxes. That it is irregular, to say the least, to group real and personal property in the same assessment, must be evident when we consider the different manner of enforcing the collection of taxes from the two kinds of property. Perhaps it may be considered as only an irregularity when the separate values of the two kinds of property are stated. But in this assessment are included fifteen other lots without name, number, or description. Surely such an assessment amounts to nothing. But it may be said that an imperfect description of those not sold will not avoid a sale of those fully described. Conceding this to be true, all that can be claimed is, that these six lots were chargeable with 120-245ths of the tax carried out against the entire assessment, and might properly be sold for that amount. But the sale was for a much larger sum, and we have been unable to construe fees, costs, and charges in any way to make up the amount for which the lots were sold. There is nothing to indicate what portion of the $5.79 was intended for tax and penalty, and what for charges. We are not advised, by record or brief, as to how that amount ($5.79) was reached, and we have been unable by any computation to even approximate it. The deputy treasurer it seems from the testimony was unable to declare the amount of tax on these lots, and we are equally unable to adjust the amount of the assessment with the amount for which the lots were sold. It appears then that the sale was for a sum in excess of the legal tax, penalty and charges. *37 Whatever may be the rule when such excess is but nominal or trifling, a sale cannot stand when it is large and substantial. Blackwell on Tax Titles, 162; Case v. Dean, 16 Mich., 12; Hunt v. Merriam, 2 Greenl., 375; Kemper v. McClelland’s Lessee, 19 Ohio, 327; Kimball v. Ballard, 19 Wis., 601; McLaughlin v. Thompson, 55 Ill., 249.
The judgment of the district court will be affirmed. ■
All the Justices concurring.