Hall's Heirs v. Dodge.

---

## HALL'S HEIRS v. S. H. DODGE.

1. EJECTMENT; *General Denial; Defense.* Under a general denial, in an action in the nature of ejectment, the defendant may show, by any legal evidence which he may have, that he is the owner of the land in controversy.

2. SALE FOR TAXES; *Separate Parcels or Tracts of Land.* A tax deed which shows upon its face that two or more separate and distinct tracts of land were sold together, is void upon its face.

3. VOID TAX DEED; *Statute of Limitations.* Such a tax deed, even when recorded, is not sufficient, in and of itself, to cause the two-years statute of limitations to run in its favor.

4. ——— A person who holds such a tax deed, duly recorded for more than two years, but who has never had any actual possession of the land which the deed purports to convey, gets no interest in the land.

*Error from Morris District Court.*

EJECTMENT for the N.W.¼ of section 7, and the S.½ of N.W.¼ of section 6, in township 20, of range 12, in Lyon county, brought by the widow and children of Wm. Hall, deceased. The two tracts were conveyed to said Wm. Hall, by separate patents, in 1860. Hall died intestate, in January 1872, leaving a widow and six children, the plaintiffs in this

action, and they claimed the land in fee as the heirs of Hall. Action commenced in July 1872. *Dodge*, defendant, at the trial, to show title in himself, offered in evidence two tax deeds. One of such tax deeds recites, that—

"WHEREAS, the following described real property, viz., the N.W.¼ of section 7, township 20, of range 12, the S.W.¼ of section 20, township 18, of range 12, the N.W.¼ of section 12, and N.½ and S.W.¼ of N.E.¼ of section 21, in township 17, of range 11, and the N.W.¼ of section 5, township 18, of range 11, situated in the county of Lyon, in the state of Kansas, were subject to taxation for the year 1862; and whereas, the taxes assessed upon said real property for the year aforesaid remained due and unpaid at the date of the sale hereinafter named; and whereas, the treasurer of said county did on the fifth day of May 1863, by virtue of authority in him vested by law, at the sale begun and publicly held on the first Tuesday of May 1863, expose to public sale at the county-seat in said county, in substantial conformity with all the requisitions of the statute in such case made and provided, the real property above described, for the payment of the taxes, interest and costs then and there remaining unpaid on said property; and whereas, at the time and place aforesaid, W. S. McCurdy, of the county of Douglas, and state of Kansas, having offered to pay the sum of twenty-six dollars and sixty-two cents, being the whole amount of taxes, interest and costs then due and remaining unpaid on said property for the said [*again describing all said lands, as above,*] which was the least quantity bid for, and payment of said sum having been by W. S. McCurdy made to the said treasurer, the said property was stricken off to him at that price," etc.

The other tax deed contained similar recitals, and described the S.½ of N.W.¼ of section 6, township 20, of range 12, and four other separate tracts of land not contiguous to each other. The action was commenced in Lyon district court, and taken by change of venue to Morris county, where it was tried at the October Term 1875. Verdict and judgment in favor of *Dodge*, defendant, and the plaintiffs bring the case here on error.

*Almerin Gillett*, for plaintiffs.

*E. S. Waterbury*, for defendant.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of ejectment, commenced under section 595 of the code, (Gen. Stat. 747,) and under section 118 of the tax law of 1868, (Gen. Stat. 1057, 1058.)  The answer of the defendants was a general denial.  Under such an answer we think the defendant had a right to show, by any legal evidence that he might have had, that he was the owner of the property in controversy. (Gen. Stat. 748, § 596; *Bancroft v. Chambers*, 10 Kas. 364.)  In this respect this kind of action is similar to the action of replevin.  In this case, the defendant attempted to show that he was the owner of the property in controversy, by introducing in evidence two certain tax deeds.  If these tax deeds were valid, then he is undoubtedly the owner of said property, and is entitled to recover in this action; but if on the contrary such deeds are invalid, then he is not the owner, but the plaintiffs, who hold their title directly from the original patentee, are the owners; and in that case it seems to be admitted by the defendant that they are entitled to recover.  That is, the defendant has raised no question either in this court or in the court below as to the right of the plaintiffs to recover, provided the defendant's tax deeds are void.  Both parties seem to desire to have the case decided upon its merits, and do not raise any technical objection to the plaintiffs' right to maintain this particular action, provided the property in law belongs to them.  The only question then for us to determine is, whether said tax deeds are valid or not.  They are alike in form, and in every essential particular, except as to the descriptions of the land, and the amounts of the taxes.  Both were executed July 24th 1865, for the taxes of 1862, 1863 and 1864, upon a sale made 5th May 1863 for the taxes of 1862; and both deeds were recorded July 28th 1865.  This action was commenced July 13th 1872.

Each tax deed is for several separate and distinct tracts of land, situated in different parts of Lyon county, and in dif-

*1. Ejectment; general denial; practice.*

Hall's Heirs v. Dodge.

ferent townships and ranges; and each deed shows that all these different tracts were sold together in one single sale. Now, such a sale is void; and a tax deed showing such a sale, is also void. This follows from general principles, and is also in consonance with all the statutes of this state, which may in any manner affect the question. Sections 31, 36, and 38, of the act having application to this case, (Comp. Laws of 1862, pp. 865, 866,) tend to prove it, and section 40 is not at variance with it. Of course, where two or more tracts of land adjoin each other, and are used and occupied as one tract, they may all be taxed together and sold together as one tract. (*M'Questen v. Swope*, 12 Kas. 32.) But that is not this case. In this case the different tracts do not adjoin each other, but are widely separated. Said deeds are void upon their face; that is, they present the evidence of their own invalidity upon their face. Such a deed cannot even when recorded set the statute of limitations in operation. (*Shoat v. Walker*, 6 Kas. 65, 75.) In the case just referred to, this court said: "A tax deed, to be sufficient when recorded to set the statute of limitations in operation, must of itself be *prima facie* evidence of title. It is not necessary that the deed be absolutely good, under all circumstances. It is not necessary that it be sufficient to withstand all evidence that may be brought against it to show that it is bad; but it must appear to be good upon its face; it must be a deed that would be good if not attacked by evidence *aliunde*. When the deed discloses upon its face that it is illegal, when it discloses upon its face that it is executed in violation of law, the law will not assist it. No statute of limitation can then be brought in to aid its validity. The party accepting it, and claiming under it, has full notice of its illegality, and must abide the consequences of such illegality. He has no reason to complain." In the case of *Sapp v. Morrill*, 8 Kas. 667, 685, this court said: "There would seem to be no reason why a void tax deed should cause the statute of limitations to run in its favor. Does a party holding such

*Marginal notes:*

2. Tax sale; separate tracts—separate and distinct sales.

3. Statute of limitations.

a deed constructively oust the original owner by simply putting his deed on record, whether the original owner be in the actual possession of the property covered by the tax deed, or not? A void tax deed cannot draw after it, nor to it, the constructive possession of the property, although the property may be vacant and unoccupied. Then why should the original owner commence any action to test the validity of the tax deed? He need not commence an action for the recovery of his property, for he is already in the constructive if not in the actual possession thereof; and his title is as good as it ever was. He need not commence an action to remove a supposed cloud from his title, for a deed void upon its face is no cloud upon his title. He need not commence an action to have the deed declared void, for the deed itself upon its face furnishes sufficient evidence of that fact, and about as good evidence as a record of a court declaring the fact would be. Indeed, there would seem to be no reason whatever in any such case for the owner of the land to invoke the interposition of a court of justice. The instrument itself would always furnish sufficient evidence to defeat any claim set up under it."

In the present case the property is vacant and unoccupied, and it never has been in the actual possession of the defendant. And the tax deeds of the defendant being void, they could not draw to him the constructive possession of the

4. Void deed, does not give constructive possession.

property. He has therefore never had any interest in the property. His tax deeds, being void upon their face, could not give him any title, or any possession, constructive or otherwise, and he never had any actual possession. It seems to be admitted that the defendant had no interest in the land under his void deeds until the two-years statute of limitations are supposed to have run, and then it is claimed that his title became complete. That is, the whole title, and the whole possession, constructively were in the plaintiffs, and no part of the title or possession or any other interest was in the defendant, until the end of the two years, and then at the expiration of the

19—18 KAS.

two years, and at the commencement of the third year, the whole title and whole constructive possession all at once passed from the plaintiffs to the defendant simply because the defendant had had *a void tax deed* on record for two years! We think this can hardly be so. (With reference to the operation of the statute of limitations, see *Taylor v. Miles,* 5 Kas. 515, 516; *Bowman v. Cockrill,* 6 Kas. 337, 338.) It is claimed that the supreme court of Iowa held that their five-years statute of limitation will run in favor of a tax deed like those we now have under consideration. The cases of *Thomas v. Stickel,* 32 Iowa, 71, and *Douglas v. Tullock,* 34 Iowa, 262, come the nearest holding as defendant claimed, and yet they probably do not intend to go to the extent that he claims. If they do, then we cannot agree with them. But see *Boardman v. Bourne,* 20 Iowa, 134; *Byam v. Cook,* 21 Iowa, 392; *Ferguson v. Heath,* 21 Iowa, 438; *Harper v. Sexton,* 22 Iowa, 442; *Hurlburt v. Dyer,* 36 Iowa, 474; *Weaver v. Grant,* 39 Iowa, 294; *Greer v. Wheeler,* 41 Iowa, 85, 86, 87, 88. These cases will hardly sustain the claim of the defendant; and they go to the extent of holding that a tax deed, showing that two or more tracts of land were sold together for a gross sum, is void. In this we agree with them. There is no necessity for a party putting a defective or void tax deed upon record in this state; for where a person is entitled to a good tax deed he may have as many tax deeds executed as he desires until he gets a good tax deed.

We think there is no necessity to discuss in this case any distinctions which may exist between a tax deed which is incurably void upon its face, and one which though void on its face may be aided and cured by the introduction of extrinsic evidence; for there was no such evidence introduced in this case. We would think however that the statute of limitations would not run in any case in favor of a tax deed void on its face.

The judgment of the court below will be reversed, and cause remanded for a new trial.

All the Justices concurring.