## J. I. WYER v. FREDERICK LAROCQUE.

TAX DEED, *Void—Sale in Gross—Evidence.* Where a tax deed shows that different lots were sold together in a single sale, such tax deed is void. Such a tax deed cannot be cured by testimony tending to prove that each lot was sold separately, not in gross. (*Hall's Heirs v. Dodge*, 18 Kas. 277; *Cartwright v. McFadden*, 24 id. 662.)

*Error from Cloud District Court.*

ON the 3d day of December, 1887, *J. I. Wyer* commenced his action against Philomena LaRocque and *Frederick La-Rocque* to recover the possession of lots 1 to 18 inclusive, in block 72, in the city of Concordia, Cloud county. The defendants answered, admitting possession, but denying Wyer's title. Trial was had, and, in accordance with the statute, set aside, and then retried before Hon. L. J. CRANS, as judge *pro*

*tem.* Wyer's title was derived from the government, through a deed from the mayor of Concordia. Philomena LaRocque claimed title under a tax deed. After the action was commenced she deeded her interest to Frederick LaRocque, and before the cause was called for trial she died. The deed to J. I. Wyer from the mayor of the city of Concordia was dated the 8th of January, 1878. The tax deed under which the defendants claimed was dated the 20th of January, 1883, and was filed for record the next day. The deed recited that the lots described therein were subject to taxation for 1878, and were sold to M. Reisner on the 3d and 4th days of September, 1879, for the sum of $5.01, the amount of taxes, interest and costs then due and remaining unpaid. The subsequent taxes for the years 1879, 1880 and 1881 amounted to $7.63, which were paid by the tax purchaser. The second trial was had on the 11th day of January, 1890. The court made a general finding in favor of the defendant *Frederick LaRocque* and rendered judgment accordingly. *Wyer* excepted and brings the case here.

*Kennett, Peck & Matson,* for plaintiff in error:

As to the tax deed itself, there are two fatal deficiencies therein: First, the deed, if it states a sale at all, states that lot 24, block 145, lots 1, 2, 3, etc., to 18, block 72 were sold together at one sale.

Blocks 145 and 72, being in different parts of the city, make such a deed as this void upon its face.

Among the cases holding a deed of this kind absolutely void, see *Hall's Heirs v. Dodge,* 18 Kas. 277; *Mathews v. Buckingham,* 22 id. 166, 169; *Long v. Wolf,* 25 id. 522.

Having this kind of a deed, it was improper to receive any evidence of a separate sale of each lot. *Cartwright v. McFadden,* 24 Kas. 662, fifth proposition of syllabus.

Second, this deed is void upon its face, for the reason that it does not purport to convey any property.

The opinion of the court was delivered by

HORTON, C. J.: It appears from the tax deed preserved in the record that all the lots embraced therein are not numbered consecutively, but that they were all sold together. One lot is in block 145, and other lots in block 72. This and the evidence outside of the deed shows that all the lots included in the deed are not in fact contiguous. The tax deed is therefore void. (*Hall's Heirs v. Dodge*, 18 Kas. 277; *Cartwright v. McFadden*, 24 id. 662.) The court below seems to have ruled in the case that, even if the tax deed was void, LaRocque was entitled to the lots under the tax sale, upon the ground that his grantor had the right to a perfect deed, and that such a deed might issue at any time. This theory of the law cannot be applied to cure a void tax deed, under which a party in possession claims the property. After the void tax deed was issued, a tender was made by the plaintiff, and, if the tender was sufficient, no other deed could issue. As the tax deed is void, and Frederick La-Rocque has no other claim or title, he ought not to recover.

The judgment of the district court will be reversed, and the cause remanded.

All the Justices concurring.