Gibson v. Trisler.

---

CHARLES E. GIBSON V. WILLIAM TRISLER *et al.*

No. 14,443.　(85 Pac. 413.)

SYLLABUS BY THE COURT.

1. TAX DEED—*Recorded Five Years—Presumption as to Validity.* Where a tax deed has been filed for record more than five years before it is attacked, all presumptions are in favor of the regularity of the prior tax proceedings.

2. ———— *Omission of Statutory Recital—Supplied by Inference.* Where the only objection made to such a deed is that a statutory recital is omitted, or insufficiently stated, the deed will not be declared void if, by giving other recitals contained therein fair and liberal constructions, it can be said that such omitted recital is fairly supplied.

3. ———— *Delinquent Taxes Not Chargeable When Certificate is Assigned Not a Lien.* Where lands have been bid off by the county treasurer for the county for delinquent taxes, the assignee of the tax-sale certificate therefor is required to pay only the amount of taxes, costs and charges which the county treasurer should have charged on the book of tax sales for unpaid taxes under the provisions of section 7654 of the General Statutes of 1901.　Subsequent delinquent taxes not so chargeable at the time of the assignment are not liens upon the land within the meaning of the section.

| 73 | 397 |
| f74 | 115 |

| 73 | 397 |
| 76 | 776 |
| 77 | 163 |
| 77 | 247 |

| 73 | 397 |
| f79 | 104 |
| 79 | 862 |
| 80 | 361 |

| 73 | 397 |
| 81 | 71 |

Error from Crawford district court; WALTER L. SI-MONS, judge. Opinion filed April 7, 1906. Affirmed.

*Rossington & Smith,* for plaintiff in error.

*D. H. Woolley,* for defendants in error.

The opinion of the court was delivered by

GREENE, J.: This was an action in ejectment. The only question reserved for our determination is the validity of the tax deed relied upon by the defendants, which had been of record more than five years. If this deed is valid on its face, the judgment must be affirmed; if invalid, it must be reversed.

The deed, after showing that the taxes on the lots in question were delinquent for the year 1892, and that the lots had been advertised for sale for such delinquent taxes in September, 1893, and not having been sold were "therefore bid off by the county treasurer of said county for the sum of $12.82," contains the following recitals:

"And whereas, for the sum of thirty-one (31) dollars and fifteen (15) cents, paid to the treasurer of said Crawford county on the 9th day of April, A. D. 1895, the county clerk of said county did assign the certificate of sale of said property and all the interest of said county in said property to Crawford & McMurray, of the county of Crawford, state of Kansas; and whereas, the subsequent taxes of the years 1893, 1894, 1895, amounting to the sum of thirty-eight (38) dollars and eighty (80) cents, have been paid by the purchasers as provided by law; and whereas, three years have elapsed since the date of said sale and the said property has not been redeemed therefrom as provided by law:

"Now, therefore, I, John Ecker, county clerk of the county aforesaid, for and in consideration of the sum of sixty-five (65) dollars and ninety-six (96) cents, taxes, costs and interest due on said land for the years 1892, 1893, 1894, and 1895, to the treasurer paid as aforesaid, and by virtue of the statute in such case made and provided, have granted, bargained, and sold, and by these presents do grant, bargain, and sell, unto the said Crawford & McMurray," etc.

The objection to the deed is stated by the plaintiff in error as follows:

"It is our contention that under a fair interpretation of these recitals, as to payments made and taxes existing on the property, it is evident that section 7649 of the General Statutes of Kansas, 1901, was not complied with. Section 7649 of the General Statutes provides that no certificate of sale shall be made to any person unless there be paid into the county treasury a sum of money equal to the cost of redemption at that time of any land or lots sold to the county; . . . that inasmuch as the land was bid off for taxes and charges in September, 1893, for $12.82, and the certificate of sale was not assigned until April 9, 1895, the interest on this sum at the statutory rate of fifteen per cent. would require that a purchaser of the county's certificate for the taxes of 1892 pay the sum of $15.74. It is likewise apparent that the subsequent taxes for the years 1893 and 1894, being past due and a lien on the land, must have been paid by the assignee of the tax certificate in order to entitle him to obtain a good and valid assignment."

The tax deed recites that the certificate was assigned April 9, 1895, for the sum of $31.15. Counsel argue that this amount is less than the taxes, interest and costs then payable could possibly have been, since the taxes and charges for 1892 would at that time amount to $15.74, which if deducted from the total amount paid would leave only $15.41 to be applied to the delinquent taxes for the years 1893 and 1894. The error into which counsel have fallen is in presuming that the assignee of the certificate assigned on April 9, 1895, was required to pay the delinquent taxes of 1894.

It presumptively appears from the deed that the taxes for 1893 became delinquent and the lots were advertised to be sold therefor in September, 1894; and that the county treasurer charged such delinquent taxes and charges on the book of tax sales of the year in which the lots were sold to the county. Such taxes would thereupon become a lien upon the property, and the county could not legally assign the certificate until such taxes were paid. It also appears that the taxes

for 1894 were delinquent. It was the duty of the county treasurer to advertise such lots for sale for such delinquent taxes in September, 1895, and if the county still retained the certificate the county treasurer should have charged such delinquent taxes and charges on the book of tax sales of the year in which the lots were sold to the county. But in this case the tax-sale certificate was assigned April 9, 1895. Therefore the taxes of 1894 had not been and could not have been charged upon the book of tax sales until the lots had been advertised for sale, which sale could not take place until September, 1895. When the certificate was assigned the taxes for 1894, although delinquent, were not a lien upon the lots in the hands of the county by virtue of its tax certificate, and were not collectable or receivable by it under the certificate.

It is also contended by the plaintiff in error that the deed is void on its face because it does not recite that the lots were bid off by the county treasurer *for the county*. The recital is:

"Whereas, at the place aforesaid said property could not be sold for the amount of the taxes and charges thereon, and was therefore bid off by the county treasurer of said county for the sum of . . . ; and whereas, for the sum of . . . , paid to the treasurer of said Crawford county, . . . the county clerk of said county did assign the certificate of sale of said property and all the interest of said county in said property."

These recitals, considered with the provisions of the statute which require the county treasurer as such officer to bid the unsold lands off for the county (Gen. Stat. 1901, § 7646), are sufficient to supply the omission in the deed of which complaint is made. They are sufficient to satisfy us that the county treasurer was not acting for himself as an individual when he bid the lands off, but that the bid was for the county. And the additional recital that the deed was made by the county clerk of Crawford county to Crawford & McMurray, apparently in pursuance of the purchase

made by the county, leaves no room to doubt that the treasurer bid the land off for the county.

Counsel have, no doubt, been misled into making this contention by the decision of this court in *Penrose v. Cooper*, 71 Kan. 720, 81 Pac. 489, which they cite as authority. A rehearing was granted in that case, and it was subsequently held that "where a tax deed has been of record for more than five years it will not be held to be void because of the omission of express recitals required by the statute, if the substance of such omitted recitals can be supplied by inference fairly to be drawn from statements elsewhere made in the deed, by giving to the language employed a liberal interpretation to that end." (*Penrose v. Cooper*, 71 Kan. 725, 84 Pac. 115.) The recitals in the deed in this case are substantially those in the deed under consideration in *Penrose v. Cooper*.

As we discover no defects on the face of the deed the judgment is affirmed.

All the Justices concurring.