## JAMES CROSS V. D. W. HERMAN et al.

### No. 14,612. (87 Pac. 686.)

#### SYLLABUS BY THE COURT.

TAX DEED—*Recorded Five Years—Sale of Separate Tracts of Contiguous Land.* A tax deed which has been recorded more than five years is not void on its face merely because it shows the sale of two or more tracts of land together, when such tracts appear from their description, as given in such deed, to be contiguous.

Error from Finney district court; WILLIAM EASTON HUTCHISON, judge. Opinion filed November 10, 1906. Affirmed. ·

*Hoskinson & Hoskinson,* for plaintiff in error.

*Sutton & Scates,* and *W. R. Hopkins,* for defendants in error.

The opinion of the court was delivered by

GRAVES, J.: This is an action of ejectment. The plaintiff in error owns the original, or patent, title to the land in controversy, and to recover possession thereof he commenced this action in the district court of Finney county, on October 9, 1903.

The defendants were in possession of the land, claiming to be the owners thereof by virtue of two tax deeds. The first of these tax deeds, in point of time, was executed to D. W. Herman and J. W. Herman, jointly, on August 3, 1897, and was recorded August 5, 1897. The plaintiff contends that this deed is void on its face for the reason that it appears therefrom that two separate tracts of land were sold together. The land conveyed by this deed is described therein as follows:

"N. 2 of N. E. 4 of section fifteen (15), township twenty-two (22), range twenty-eight (28), and the S. 2 of S. E. 4 of section ten (10), township twenty-two (22), range twenty-eight (28), situated in the county of Finney, state of Kansas."

From the recitals in this tax deed it appears that at the tax sale in 1893 this land, for want of bidders, was sold to the county as one tract, and as above described, for the aggregate sum of $47.04, that being the whole amount of taxes, interest and costs then due thereon. The sale together of more than one separate and distinct tract, as two or more town lots in different blocks, or two or more tracts of land not contiguous, is void. (*Hall's Heirs v. Dodge,* 18 Kan. 277; *Mathews v. Buckingham,* 22 Kan. 166; *Wyer v. LaRocque,* 51 Kan. 710, 33 Pac. 547; *Manker v. Peck,* 71 Kan. 865, 81 Pac. 171.) But the sale of two or more tracts together, which are adjoining and susceptible of being used as one tract, may be void. (*McQuesten v. Swope,* 12 Kan. 32; *Cartwright v. McFadden,* 24 Kan. 662; *Dodge v. Emmons,* 34 Kan. 732, 9 Pac. 951; *Mack v. Price,* 35 Kan. 134, 144, 10 Pac. 521.) In the case of *Cartwright v. McFadden, supra,* Mr. Justice Valentine said:

"The court below held that the tax deed is void upon its face; and this holding was based upon the ground that the deed itself shows upon its face that the property which it purported to convey is composed of several separate and distinct tracts of land, and that they were all sold together in bulk and not separately for the taxes severally due upon each of them. Now it is true that the tax deed does show upon its face that all

the lots which it purports to convey were sold together and in bulk, and if it also shows that these lots are separate and distinct tracts of land, not contiguous to each other, then of course the tax deed is void upon its face. (*Hall's Heirs v. Dodge,* 18 Kan. 277.) But does the tax deed show this? We think not. We think that it furnishes some evidence to this effect, but still that the evidence is not complete or sufficient. The property being divided into lots, and these lots not being numbered consecutively by units, we think furnishes some evidence that the lots are not contiguous; but this evidence we think is not conclusive, or even satisfactory, of the fact. The lots might very well all be in one body notwithstanding this evidence. This kind of evidence might sometimes, along with other circumstances, furnish the foundation for a finding that the lots are not contiguous; but alone, and against the statutory presumptions in favor of the regularity and validity of the tax deed, and of all the prior proceedings, it cannot sufficiently prove any such fact." (Page 669.)

The lands described in the deed under consideration lie in a compact form and together constitute, in form and size, an ordinary quarter-section. The deed has been of record more than five years, and therefore its language will be liberally construed in favor of its validity. (*Sanger v. Rice,* 43 Kan. 580, 23 Pac. 633; *Neenan v. White,* 50 Kan. 639, 32 Pac. 381; *Penrose v. Cooper,* 71 Kan. 725, 84 Pac. 115.) Under this rule we are unable to say that the description given in the tax deed embraces two tracts so separated as to make the deed void. No other objection having been made to the validity of the deed, we conclude that it is sufficient to convey the land in controversy.

This disposes of the case, and it is unnecessary to consider the objections urged against the other tax deed under which the defendants claim title. The district court decided that the plaintiff could not recover and dismissed the action at his cost. The judgment is affirmed.

All the Justices concurring.