C. W. CARSON v. MORTIMER R. PLATT.

No. 15,194.   (92 Pac. 705.)

SYLLABUS BY THE COURT.

1. TAX DEEDS — *Contiguous Irregular Tracts* — *Presumption.* Where a tax deed has been recorded more than five years it will be presumed that several subdivisions of land described therein, appearing to be contiguous, comprise one entire tract. This presumption will prevail although the boundaries of such lands are irregular or unusual.

2. ——— *Evidence that Distinct Tracts Were Conveyed.* As against the grantee of such a tax deed, in possession, it is not error to reject testimony offered to show that such a body of land was patented, owned and conveyed in three distinct tracts.

Error from Comanche district court; EDWARD H. MADISON, judge.   Opinion filed November 9, 1907. Affirmed.

*Francis C. Price,* for plaintiff in error.

*John W. Davis,* for defendant in error.

The opinion of the court was delivered by

BENSON, J.:   C. W. Carson commenced this action in the district court of Comanche county, October 4, 1904, to recover the possession of two eighty-acre tracts of land to which he held the patent title. The defendant, Mortimer R. Platt, was then in possession of the land, and had been in such possession for more

Carson v. Platt.

than five years, under a tax deed recorded September 6, 1897. This deed purported to convey 480 acres, including the lands in controversy. The descriptions were of eighty- and forty-acre subdivisions, all of which were contiguous, as shown upon the following plat:

The recitals in the deed show the sale of all these lands for taxes as one tract, and the court refused to receive evidence offered by the plaintiff to show that they were in fact patented as three separate tracts, and had been owned and conveyed as such up to the date of the tax sale.

The plaintiff contends that this deed is void upon its face, and therefore insufficient to set the five-year limitation of the tax law in operation, because from the descriptions given it must be presumed that the lands were not patented, held or used as a single tract, but as several tracts. In support of this contention it is said: "In noting the outlines of this body of land, a single farm is not suggested, nor can it occur to one that it is used and occupied as a single tract of land." It is urged that the outlines of this land, and its intersection by section-lines, suggest highways and division-lines between different holders and occupants. We can arrive at such a conclusion only by a presumption; but under the decisions of this court presumptions and inferences are not to be indulged in to defeat, but are to be indulged in to sustain, the validity of a tax deed after it has been of record five years. (*Nagle v. Tieperman*, 74 Kan. 53, 88 Pac. 969.) It is certainly not impossible that this body of land could have been owned and occupied as an entire tract. The exterior lines of farms may be

such as will suit the convenience and purposes of the owner, and no presumption of separation of contiguous lands can be indulged in merely because of an unusual boundary. The presumption of regularity in the tax proceedings will overthrow any possible presumption from peculiarity of contour. (Gen. Stat. 1901, §§ 7676, 7680.)

In several of the cases in this court where similar questions have been considered the lands were referred to as comprising a compact body, but the tax deeds were upheld because of the presumption that the lands comprised an entire tract, and not because they were in compact form. (*Cross v. Herman,* 74 Kan. 554, 87 Pac. 686.)

The fact that the plaintiff sued for only a part of this land does not tend to show that it was not sold as one tract.

The plaintiff also insists that this deed is void upon its face because it does not show separately for each year the amount of taxes paid by the purchaser after the sale. The deed appears to be substantially in the statutory form in this respect, and is sufficient. (*Ide, Receiver, v. Finneran,* 29 Kan. 569.)

The judgment of the district court is affirmed.