Gibson v. Larabee.

---

CHARLES E. GIBSON v. J. D. LARABEE.

No. 15,196.    (94 Pac. 216.)

SYLLABUS BY THE COURT.

TAX DEED—*Recorded Five Years—Presumption.* In support of the tax deed involved in this action, which had been of record more than five years, it will be presumed that the two tracts of land therein described were separately assessed, taxed and sold.

Error from Stafford district court; JERMAIN W. BRINCKERHOFF, judge. Opinion filed February 8, 1908. Affirmed.

STATEMENT.

GIBSON brought a foreclosure suit in the district court of Stafford county against the makers of a mortgage on the east half of the northeast quarter of section 26, township 25, range 12, in Stafford county, and made Larabee a defendant, he having a tax deed of record on the land. Larabee answered and set up his

tax deed, a copy of the material parts of which is as follows:

"*Know All Men by These Presents,* That whereas, each separate tract or parcel of the following described real property, viz.: Northeast quarter ($\frac{1}{4}$) of section twenty-six (26) in township twenty-five (25), south of range twelve (12) west of the sixth (6) principal meridian, containing one hundred and sixty (160) acres, more or less, situated in the county of Stafford and state of Kansas, was subject to taxation for the year A. D. 1890, and whereas, the taxes assessed upon each separate tract or parcel of said real property, for the year aforesaid, remained due and unpaid at the date of the sale hereinafter mentioned, and whereas, E. H. Landis, treasurer of said county, did on the first day of September, A. D. 1891, by virtue of the authority in him vested by law, at St. John, Kan., the sale begun and publicly held on the first Tuesday of September, A. D. 1891, separately expose to public sale at the county-seat of said county, in substantial conformity with all the requisitions of the statute in such case made and provided, each one of the separate tracts or parcels of the real property above described, in the separate tracts and parcels as above described, for the payment of taxes, interests and costs then due and unpaid upon each tract or parcel of said property; and whereas, at the place aforesaid, L. H. Fisher, of the county of Stafford and state of Kansas, having offered to pay the several sums of money, dollars and cents, respectively placed opposite each respective tract, as follows:

"Northeast $\frac{1}{4}$ of section 26, township 25, range 12 W. $18.75, being the whole amount of taxes, interest and costs then due and remaining unpaid on each of said several tracts of said real estate respectively, and which whole tracts respectively was in each case the least quantity bid for, and payment of said sums having been by him made to the said treasurer, each respective piece or parcel of the said property was stricken off to him at the price set opposite each tract; and whereas, the said L. H. Fisher did on the first day of September, A. D. 1891, duly assign the certificate of the sale of the property as aforesaid, and all his right, title and interest to said property to J. D. Larabee, of the county of Stafford and state of Kansas; and whereas, the subsequent taxes of the years 1891 and 1892, amounting to

the sum of forty-seven and 54-100 dollars, have been paid by the purchaser and assignee as provided by law; and whereas, three years have elapsed since the date of said sale and the east ½ of northeast quarter, section 26, township 25, S. range 12, W. said property has not been redeemed therefrom as provided by law, the west ½ of northeast ¼, section 26, township 25, S. range 12, W. having been redeemed from said sale: Now therefore, I, Ike S. Lewis, county clerk of the county aforesaid, for and in consideration of the sum of fifty-one dollars and ninety cents, taxes, cost and interest due on said land for the year A. D. 1890, 1891, and 1892, to the treasurer paid as aforesaid, and by virtue of the statute in such case made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell, unto the said J. D. Larabee, his heirs and assigns, all of the said real property last hereinbefore described, and each and every separate tract and parcel thereof, to have and to hold unto him, the said J. D. Larabee, his heirs and assigns, forever; subject, however, to all rights of redemption provided by law."

The suit was commenced on the 18th day of September, 1901. The tax deed was issued on the 6th day of November, 1894, and recorded December 14, 1894. The court held the tax deed valid, and rendered judgment in favor of Larabee. To reverse this judgment Gibson brings the case here.

*T. W. Moseley,* for plaintiff in error.
*Prigg & Williams,* for defendant in error.

The opinion of the court was delivered by .

SMITH, J.: It appears from the deed that at the time of the tax sale the entire taxes, interest and costs remaining unpaid upon the northeast quarter of section 26, either as an entire tract or upon the several tracts composing the same, was $18.75, and that at the time of the execution of the deed to Larabee, to whom had been assigned the tax-sale certificate, the east half of the quarter-section had not been redeemed, but that the west half had been redeemed, as provided by law.

The deed having been issued and recorded more than

five years before the commencement of the action, the principal and controlling question in this case is whether, to support the deed, we may presume that the quarter-section of land was assessed, taxed and sold in two tracts, viz., the east half and the west half thereof. It is conceded by the plaintiff in error that from the language of the deed alone we might indulge this presumption in support of the deed, and that all proper presumptions should be indulged to support a tax deed which has been recorded five years. He contends, however, that it is also to be presumed that the officers of the county did their duty, and that such presumption overcomes the presumptions that otherwise might be indulged in support of the deed. He calls attention to several sections of articles 10, 14, 15, 18 and 19 of chapter 107 of the General Statutes of 1901, which require the assessor to make out a correct and pertinent description of each piece, parcel or lot of real property in the township or city by him assessed, and to assess the same from actual view, and make a return thereof to the county clerk, with the same particularity of description, and in a separate column state the value by him attached to each such piece, parcel or lot; also, that the county clerk shall determine the amount to be levied upon each tract and certify the same to the county treasurer, and that the county treasurer, upon receiving the tax-roll, shall enter in a separate column opposite the description of each tract or parcel of land the amount of unpaid taxes thereon; also, that when the taxes on lands have been delinquent for the time specified in the statute the treasurer shall advertise each tract for sale, and the time of the sale, and that before the time expires for redemption the treasurer shall publish a list of all unredeemed lands, describing each tract or lot as the same was described in the tax-roll and stating the amount which is due on each parcel.

We have carefully examined these provisions and are unable to see why it may not be presumed in sup-

Gibson v. Larabee.

port of the deed that the assessment, return of the assessment and the levy of the tax were made separately upon the east half and the west half of the quarter-section, in full compliance with the statute; that all the subsequent proceedings leading up to and including the sale were had in accordance therewith; and that the aggregate sum for which the two tracts were sold was $18.75. If this was the fact—that all the proceedings with reference to the two separate tracts constituting the quarter-section were thus taken, and if neither of the tracts had been redeemed before the making of the tax deed, and the purchaser had required both tracts to be included in one deed, in accordance with the provisions of section 7677 of the General Statutes of 1901, then it would have been necessary to state in the deed the amount of taxes, interest and penalty for which each separate tract was sold and conveyed. In this case, however, only one tract was conveyed, and the deed recites the consideration for the conveyance of such tract only. We do not see that there is any necessary conflict between the presumption that the quarter-section in question was sold in two separate tracts and the presumption that the officers of the county performed their duties as required by statute in all the steps leading up to and including the sale.

It has been frequently held in this court, in substance, that where a tax deed does not upon its face show that it has been issued in violation of law and is void, and it does appear that it has been issued and recorded for more than five years, all reasonable and proper presumptions as to the regularity and legality of the proceedings leading up to the issuance of the deed should be indulged to support the validity of the deed. (*Nagle v. Tieperman,* 74 Kan. 53, 85 Pac. 941, 88 Pac. 969; *Penrose v. Cooper,* 71 Kan. 725, 81 Pac. 489, 84 Pac. 115; *Gibson v. Trisler,* 73 Kan. 397, 85 Pac. 413; *Carson v. Platt,* 76 Kan. 636, 92 Pac. 705.) Following these decisions, the judgment of the district court is affirmed.