ALICE T. LANNING v. ADEN F. BROWN.

No. 15,698.  (98 Pac. 771.)

SYLLABUS BY THE COURT.

TAX DEEDS—*Taxes Not a Lien on the Land Included.* A compromise tax deed which shows on its face that it is based on a tax-sale certificate assigned by the order of the board of county commissioners requiring the payment of taxes which were not at the time a lien upon the land is void on its face, notwithstanding it has been of record more than five years.

Error from Thomas district court; CHARLES W. SMITH, judge.  Opinion filed December 12, 1908.  Reversed.

*Fred Robertson,* and *H. McCaslin,* for plaintiff in error.

*F. D. Turck,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: This is an action in ejectment. Defendant relied upon a tax deed which had been recorded more than five years. The court held the tax deed valid, and gave judgment for defendant. Plaintiff brings error.

The deed is dated April 19, 1901, is a compromise tax deed, and contains a recital that it was executed under the authority of a resolution of the board of county commissioners adopted August 2, 1900, directing the county treasurer to execute, and the county clerk to assign, a tax certificate for the land in controversy "to C. F. Ayers, of Thomas county, Kansas, at and for the sum of forty-six and 41-100 dollars, for the taxes of the years 1893, 1894, 1895, 1896, 1897, 1898, and 1899, *and for the taxes for the year 1900 the sum of two and 66-100 dollars, being the taxes in full for the last-named year;* which said sums, to wit, forty-nine and 7-100 dollars, were then and there, on the 28th day of September, A. D. 1900, paid to said treas-

urer by said C. F. Ayers; and thereupon, on the 28th day of September, A. D. 1900, said treasurer executed a tax-sale certificate for said land, and said county clerk duly assigned," etc.

The portions of the deed which we have italicized present the only objection to its validity which we deem of sufficient importance to require comment. The objection is that the deed shows on its face that the taxes for the year 1900, which were not a lien upon the land, were included and formed a part of the consideration for the assignment of the certificate and the execution of the deed. No other or different construction can be given to the plain language of the recital. Indeed, no other is contended for, but it is suggested that inasmuch as the board required the payment of the exact amount of the taxes for 1900 the owner can not complain, so long as he was not compelled in case of redemption to pay more than the amount of the original taxes and interest, and that he could have redeemed and received the benefit of it in six months and could have objected within five years, but saw fit to do neither.

The only semblance of an argument to support the validity of the deed, however, is that the county commissioners have an absolute discretion to fix the amount at which the taxes shall be compromised, so long as the amount fixed is less than the total amount of delinquent taxes, interest and penalties. This is true, and the board might lawfully have required the payment of $49.07, as this is slightly less than the delinquent taxes, interest and penalties; but the difficulty is that the board required as part of the consideration for the assignment of the certificate the payment of taxes which under no possible construction could have been at that time a lien on the land. This was beyond their power. (*Gibson v. Trisler*, 73 Kan. 397, 85 Pac. 413.) They might as well have required the payment of the taxes for the year 1901. At the time the assignment

was made the owner of the land could not have paid the taxes for 1900, if he had desired. If the certificate for any reason is void on its face, the deed which rests upon it is likewise void. In such a case five years will no more cure the defect than two years.

The deed being void on its face, the judgment is reversed and the cause remanded, with directions to proceed accordingly.