### H. V. TUCKER v. EZRA SHORB *et al.*

No. 15,978.

#### SYLLABUS BY THE COURT.

1. TAX DEEDS — *Presumption of Contiguity of Lots.* It may fairly be inferred from the recitals in a tax deed which has been of record more than five years and which purports to convey several lots consecutively numbered in a certain block of a city and bid in by the county for a gross sum, where a single charge was made for the subsequent taxes of each following year, that the lots were contiguous and comprised only a single parcel for purposes of taxation.

2. ———— *Compromise — Assignee Required to Pay All Taxes Due.* In effecting a compromise of taxes on lots bid in by the county, which have stood unredeemed for three years without any one offering to purchase the same for the amount of the taxes, interest and penalties due thereon, the purchaser to whom the certificate is assigned under the order of the county commissioners may be required to pay all subsequent taxes due on the land at the time of the compromise.

Error from Seward district court; WILLIAM H. THOMPSON, judge. Opinion filed July 3, 1909. Affirmed.

*V. H. Grinstead,* for the plaintiff in error.

*F. F. Prigg,* and *C. M. Williams,* for the defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: The decision of this case turns upon the validity of the tax deed under which defendants in error claim ownership of the land. Two objections are urged against the deed, which had been recorded for more than five years: First, that on its face it shows that three separate and disconnected lots were sold together at a single sale; and, second, that it is based upon a tax-sale certificate which included and required the payment of taxes which were not at the time a lien or proper charge against the land.

The first objection rests upon the recital that three pieces of land, "to wit, lots 15, 16 and 17, block 35," etc., were subject to sale and sold for the single sum of $3.93. Other recitals speak of "each tract" and "said tracts" as if there were more than one. However, several tracts or lots of land which adjoin may be legally taxed and sold together. From the fact that these lots are in one block and consecutively numbered it is a fair inference that they are contiguous. The action of the officers in bidding in the lots for a gross sum, in making a single charge on all the lots when entering the taxes, interest and penalties for all subsequent years, and in assigning the certificate, tends to show that the lots were treated as one tract and that they are contiguous. The age of the deed justifies the indulgence of every fair inference of regularity and validity. (*Penrose v. Cooper,* 71 Kan. 720; *Cross v. Herman,* 74 Kan. 554; *Carson v. Platt,* 76 Kan. 636.)

On the second objection it is contended that on its face the deed shows that subsequent taxes which were not delinquent and which could not have been a legitimate charge were included in the compromise and transfer. It contains the following recital:

"Whereas the subsequent taxes for the following-named years were charged up to said sale as provided

Tucker v. Shorb.

by law, amounting to $10.26, as shown by the following
statement:

|  | Description. | | | Date charged up. | Am't. Taxes. |
|---|---|---|---|---|---|
| Lot. | | Block. | Town or Addition. | | |
| 15, 16 and 17: | | 35 | Town of Liberal | 9-4-1894 | $3.15 |
| | | | | 9-3-1895 | 1.77 |
| | | | | 9-1-1896 | 1.89 |
| | | | | 9-7-1897 | 1.95 |
| | | | | 7-21-1898 | 1.50 |
| | | | | | $10.26 |

This is followed by a recital that the county commis-
sioners, by resolution passed on the 12th of April, 1898,
authorized the assignment of a tax-sale certificate to
E. T. Guymon for the sum of $15, "for the taxes for the
years 1892, 1893, 1894, 1895, 1896 and 1897," and then
it is recited that on July 21, 1898, Guymon paid the
treasurer the $15 and on the same day the tax-sale
certificate was executed and assigned to him. A liberal
interpretation of the recitals of the deed overcomes the
objection made. It appears that the lots were bid off
for the county in September, 1893, that the subsequent
taxes for 1893 were entered in the book of tax sales
for the year 1893 in September, 1894, and that on each
September thereafter, including 1897, the taxes of the
preceding year were likewise entered. The compromise
was effected on July 21, 1898, when the certificate was
assigned to Guymon in pursuance of the order of the
board of county commissioners. The delinquent taxes
for the year 1897 had not then been charged upon the
book of tax sales, and could not be so charged, under
the general provisions of the tax law, until September,
1898. The assignment in this instance was not taken
under the general tax law, but was made in accordance
with the compromise provision, which is an exception
to the general rule. Under it the commissioners may
order a compromise of the taxes due on lands bid in for
the county and remaining unredeemed for three years,
where no one has offered to purchase the land for taxes
as the general law provides, and this may be done for

any sum less than the amount due thereon, as the best interests of the county may require. (Laws 1893, ch. 110, §§ 4, 5.) By it the commissioners are authorized to compromise and settle for all taxes *due* at the time on the land, and are not restricted to taxes which have been charged upon the book of tax sales at the September following the time they become due. It will be observed, too, that any one desiring to redeem the land between the assignment of the certificate and the execution of the deed is required to pay to the holder of the tax certificate the amount actually paid on the compromise. The manifest purpose of the legislature was that before the compromise should be made at a reduced cost the purchaser should pay all taxes and clear up all liens then due upon the land. Now, on July 21, 1898, the taxes of 1897 were due and were a lien upon the lots in question, and hence the commissioners were justified in requiring their payment.

The cited case of *Lanning v. Brown,* 79 Kan. 103, is not against this view. In that case there were included in the deed the taxes of the year in which the compromise was made, which were not then due, and, of course, were not a lien upon the land. Here all the taxes named as a consideration for the deed were actually due, and were therefore properly included in the compromise.

The judgment of the district court is affirmed.