ALBERT E. KING, *Appellant*, v. EUSEBIUS NILSON, *Appellee*.

No. 16,481.

COMPROMISE TAX DEED—*Taxes Included—Authority for Assignment of the Certificate.* A claim that a compromise tax deed was void because taxes not a lien upon the land were included, and the compromise resolution had become dormant at the time the money was paid and the assignment executed, not sustained.

Appeal from Haskell district court; WILLIAM H. THOMPSON, judge. Opinion filed April 9, 1910. Affirmed.

*Thomas A. Scates,* and *Albert Watkins,* for the appellant.

*William Easton Hutchison,* and *C. E. Vance,* for the appellee.

*Per Curiam:* The tax deed in this case being valid, the judgment must be affirmed without reference to the other questions raised.

There is no similarity between this case and that of

*Lanning v. Brown,* 79 Kan. 103, which is relied upon by the plaintiff. There the deed recited on its face that the order of the board authorizing the assignment required the payment of taxes which were not at the time a lien upon the land. This deed, on the contrary, shows that the taxes of 1900 were not included in the order of compromise, although they were paid on June 27, 1901, when the certificate was actually assigned; but in the meantime they had become a lien upon the land, and their payment, together with the amount for which the certificate was assigned, properly made up the entire consideration. The only reference to the taxes of 1900 is in the granting clause, and since it was proper for the purchaser to pay those taxes when the assignment was actually made the recital of the fact is not sufficient to avoid the deed.

Another objection to the deed is that the compromise resolution had lost its force and had become dormant at the time the money was paid and the assignment executed. The deed, being more than five years old, is entitled to every presumption in its favor. There is nothing showing that the board had revoked its authority, and the presumption is that the order was made without any condition requiring it to be accepted within a certain time. The original owner could not have been prejudiced by the order remaining open from October to the following June; he had that much more time within which to compromise the tax himself if he desired.

The judgment is affirmed.