CHARLES E. GIBSON, *Appellee,* v. ADELBERT C. ORTON et al. (JOHN L. PEPPERS, *Appellant*).

No. 17,287.

HEADNOTE BY THE REPORTER.

TAXATION—*Compromise Tax Deed—Taxes Included.* The record examined, and it is held that the consideration stated in the compromise tax deed in controversy included only such taxes as were a lien upon the land and that the tax deed is valid.

Appeal from Haskell district court. Opinion filed November 9, 1912. Reversed.

*Albert Hoskinson,* and *R. W. Hoskinson,* both of Garden City, for the appellant.

*Per Curiam:* This case turns upon the validity of a tax deed which had been recorded more than five years. The deed recites that the order authorizing the

The State, *ex rel.*, v. Insurance Co.

compromise was made by the board of county commissioners on the 8th day of October, 1900, and that on October 26, 1900, the sum of thirty-four dollars and ten cents was paid to the treasurer by the assignee. The consideration is stated to be the payment of "the sum of Forty-five Dollars and Seventeen cents, taxes, costs, and interest due on said land for the years A. D. 1895 to 1900 inclusive, as per compromise." The trial court held the deed void on its face, upon the theory that its recitals show that the consideration included taxes which were not due and had not become a lien upon the land at the time the compromise was made. This was error. The deed contains a recital that more than six months had expired ·from the date of the assignment to the time the deed was executed. The taxes for the year 1900 had in the meantime become delinquent; they were a lien upon the land, and with the sum paid for the certificate constituted the actual consideration for the deed. The precise question was ruled upon in *King v. Nilson*, 82 Kan. 354, 108 Pac. 95.

The judgment is reversed and the cause remanded with directions to render judgment for the appellant.